IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT ANDREW UPCHURCH and<br>ISA UPCHURCH, his wife, | § § § | |
| Plaintiffs, | § § § | C. A. No.        – 2 · 2 |
| v. | § § | |
| OFFICER EDWARD K. HESTER, in his official<br>and personal capacity, OFFICER TIMOTHY D.<br>MUTTER, in his official and personal capacity,<br>CITY OF DOVER, a political subdivision of Kent<br>County, Delaware, MILLS PROPERTIES, LLC,<br>d/b/a DOVER MALL, SMS HOLDINGS<br>CORPORATION d/b/a VALOR SECURITY<br>SERVICES, and DANIEL WIDENER, | § § § § § § § § § | Jury Trial Demanded |
| Defendant. | § | |

## COMPLAINT

This Court has original jurisdiction over this matter that is brought to redress the deprivation of rights, privileges and immunities secured by the Constitution and laws of the United States pursuant to 28 U.S.C. § 1331 and §1343. The federal issues involved arise under 42 U.S.C. § 1983. This Court has supplemental jurisdiction over all other claims asserted herein in that are related to those issues over which original jurisdiction over all other claims asserted herein in that they are related to those issues over which original jurisdiction is conferred and are part of the same controversy, pursuant to 28 U.S.C. §1367(a).

## PARTIES

1.      Plaintiffs, Robert Andrew Upchurch ("Mr. Upchurch") and Isa Upchurch, his wife, ("Mrs. Upchurch") are citizens of the State of Delaware. Their address is 504 Plaindealing Road, Magnolia, Delaware 19962.

2.     Defendant Officer Edward K. Hester ("Defendant Hester") is an officer of the Dover Police Department.

3.     Defendant Officer Timothy D. Mutter ("Defendant Mutter") is an officer of the Dover Police Department.

4.     Defendant City of Dover ("Defendant Dover") is a political subdivision of Kent County, State of Delaware.  Defendant Dover is an autonomous entity with powers and authority to sue and be sued.  Defendant Dover is the employer and principal of Defendants Hester and Mutter and is responsible for their training, supervision and conduct which constitutes actions of Defendant Dover, carried out on its behalf and in furtherance of its goals and directions.

5.     Defendant Mills Properties, LLC is a Delaware Limited Liability Company which owns, operates and does business as the Dover Mall (" Defendant Mall").  The registered agent for service of process for the Mall is:  Harvard Business Services, Inc., 25 Greystone Manor, Lewes, Delaware 19958.

6.     Defendant SMS Holdings Corporation is a Delaware corporation doing business as Valor Security Services ("Defendant Valor") and it provides security services for the Defendant Mall and is an agent of Defendant Mall.  The registered agent for service of process is:  The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

7.     Defendant Daniel Widener, ("Defendant Widener") is a resident of the State of Delaware with an address for service of process as:  34 Meadow Glen Dr, Dover, Delaware 19901.  At all times relevant to the allegations of this Complaint, he was an employee and agent of Defendant Valor and an agent of Defendant Mall.

2

## SECURITY ARRANGEMENTS AT DOVER MALL

8.      Upon information and belief, Defendant Mall and/or Defendant Valor have entered into agreements or arrangements with Defendant Dover where upon Defendant Dover would, for a fee, provide for officers of the Dover Police Department to obtain extra duty assignments to provide police presence and protection and security services at the Defendant Mall.

9.      Pursuant to the aforementioned agreement or arrangement those Dover police officers who provide police presence and protection and security services at the Defendant Mall act as agents of Defendant Dover and Defendant Mall and/or Defendant Valor.

10.     On March 19, 2004, Dover police officers, Defendant Hester and Defendant Mutter were working the extra duty assignment at the Defendant Mall pursuant to the aforementioned agreement or arrangement when they detained, immobilized, handcuffed, tackled, sprayed with mace, arrested and imprisoned Mr. Upchurch.

11.     On March 19, 2004, the date Mr. Upchurch was detained and arrested by Defendants Hester and Mutter, those Defendants were acting as agents of Defendant Dover.

12.     On March 19, 2004, the date Mr. Upchurch was detained and arrested by Defendants Hester and Mutter, those Defendants were acting as agents of Defendant Mall.

13.     On March 19, 2004, the date Mr. Upchurch was detained and arrested by Defendants Hester and Mutter, those Defendants were acting as agents of Defendant Valor.

14.     On March 19, 2004, the date Mr. Upchurch was detained and arrested, Defendant Widener was acting as an agent and employee of Defendant Valor and as an agent of Defendant Mall.

## THE DETENTION, ARREST AND IMPRISONMENT OF MR. UPCHURCH

15.    On March 19, 2004, Mr. Upchurch and Mrs. Upchurch were shopping at the Defendant Mall with their then four-year-old daughter, Haylie.

16.    Mr. Upchurch and Mrs. Upchurch were shopping for birthday presents for their twenty-one year old twin daughters, one of whom was pregnant.

17.    A majority of the establishments at Defendant Mall close between 9:00 p.m. and 9:30 p.m., but a number of establishments such as Strawbridges, the Food Court and the movie theaters remain open to the public until various later times.

18.    Between 9:00 p.m. and 9:25 p.m. on March 19, 2004, Mr. and Mrs. Upchurch and their daughter were in the establishment at Defendant Mall known as "Motherhood" which sells maternity clothes and items and they had, in fact, made purchases there.

19.    The Motherhood Store began to close and Mr. and Mrs. Upchurch and their daughter went to the Food Court.

20.    Mr. Upchurch left the Food Court and, knowing certain establishments, such as Strawbridges, remained opened until later hours (approximately 10:00 p.m. for Strawbridges), he went toward the Boscov's store to see if that establishment was still open, leaving his wife and young daughter at the Food Court.

21.    When he reached Boscov's, Mr. Upchurch discovered that establishment had closed for the day, so he approached the glass to see if he could see any sign that indicated the hours Boscov's was open.

21.    Mr. Upchurch was then approached by a man who yelled at him in a loud voice, "This is not an exit".

22.    Mr. Upchurch replied that he knew it was not an exit and explained he was just trying to see if the hours of Boscov's were posted.

23.    The individual, who appeared to be with two children, told Mr. Upchurch he was a mall security guard and the Mall was closed. Mr. Upchurch, knowing that at least Strawbridges, the Food Court and movie theaters remained open, replied to the purported security guard that some stores were still open and asked the individual to produce identification.

24.    The individual showed Mr. Upchurch a driver's license which indicated he was Defendant Widener. Defendant Widener displayed no badge of any kind, nor any other indicia that he was employed as a security guard at the Defendant Mall.

25.    Mr. Upchurch then left Defendant Widener at Boscov's. As he was walking away he heard Defendant Widener make a call on a two-way radio he had pulled out from under his coat telling the Dover police officers with whom he was communicating that he had someone that would not leave the Mall.

26.    At that point, Mr. Upchurch walked towards the Food Court and the two children who had been near Defendant Widener ran up to Mr. Upchurch and together they walked past two Dover police officers.

27.    The officers said nothing to Mr. Upchurch or the two children at that point in time.

28.    Defendant Widener had falsely told the police officers that Mr. Upchurch had told Defendant Widener, "Fuck you, I am going to Strawbridges."

29.    As Mr. Upchurch reached the area of the Food Court he turned right and went towards Strawbridges, an establishment that at that hour still remained opened.

30.    When Mr. Upchurch was within approximately twenty feet of the Strawbridges' entrance, a Dover police officer, Defendant Hester, jumped in front of him, put one hand on each of his shoulders, and stared at Mr. Upchurch saying nothing.

31.    When Mr. Upchurch asked the officer to remove his hands from his shoulders,

5

Defendant Hester just stared, saying nothing.  Mr. Upchurch became nervous and afraid of this officer so he moved sideways and tried to run into Strawbridges where, because people were present shopping in the store, he felt he would be safe and secure from this police officer.

32.    Just as Mr. Upchurch arrived at the opening of Strawbridges to the Mall, he slowed down and was tackled by Defendant Hester from behind and slammed  into tables full of jewelry which went crashing to the floor.

33.    Defendant Hester slammed down on top of Mr. Upchurch's back.

34.    In the past, Mr. Upchurch had two major back surgeries and had a spinal chord stimulator implant.

35.    Mr. Upchurch informed the officer he was hurt and asked him to get off his back.

36.    Defendant Hester refused to move and instead his partner, Defendant Mutter, arrived on the scene and sprayed Mr. Upchurch in the face with mace or pepper spray.

37.    Mr. Upchurch was pinned to the floor by Defendant Hester and could not move his arms which were trapped beneath him.  Mr. Upchurch complained that defendants Hester and Mutter were hurting him and told them he had metal pins in his spine.  These defendants made no response.

38.    Mr. Upchurch finally was able to raise himself slightly, but at that point, Defendant Hester pulled his left arm behind Mr. Upchurch without bending his elbow and in doing so, broke Mr. Upchurch's shoulder, tore shoulder tendons and/or ligaments, pulled his arm out of his shoulder socket and then handcuffed his arms behind his back.

39.    While Mr. Upchurch was handcuffed, lying face down on the floor, Defendants Hester and Mutter searched his backpack, found Mr. Upchurch's pain medication.  Mr. Upchurch informed them it was prescribed for pain due to preexisting spinal and knee injuries.

6

40.    Defendants Mutter and Hester then grasped Mr. Upchurch by his handcuffed arms and shoulders, one of which had already been fractured, and yanked him to his feet. Mr. Upchurch again complained they were hurting him and again Defendants made no response.

41.    Mr. Upchurch, while handcuffed, was violently marched out of the store and past the food court, as witnessed by Mrs. Upchurch and their daughter, Haylie. He was placed in the custody of a patrol unit of the Dover Police Department working in that area and only at that point told he was under arrest.

42.    Mrs. Upchurch asked Defendants Mutter and Hester what Mr. Upchurch had done and why he was taken into custody, but they would give her no clear answer.

43.    Mr. Upchurch was charged with disorderly conduct, criminal mischief, resisting arrest, and criminal trespass in the third degree.

44.    While being fingerprinted he told a Dover officer he believed his arm had been broken, but was given no medical attention nor transported to a medical facility. He remained in custody until after 1:00 a.m. After a trial in the Kent County Court of Common Pleas on May 18, 2004, Mr. Upchurch was acquitted on all charges.

## MR. UPCHURCH'S INJURIES

45.    As a result of the incidents of March 19, 2004 at Defendant Mall, Mr. Upchurch suffered severe emotional and mental injuries as well as the following physical injuries:

(a)    Extreme irritation of his eyes, nose and throat due to the use of pepper spray or mace;

(b)    Severe back strain and exacerbation of pre-existing spinal and knee injuries;

(c)    Damage to his spinal stimulator implant;

(d)    Pain, strain and numbness in his hands and wrists;

(e)    Strain, sprain and a tear of the ligaments in his left shoulder;

7

(f) Fractured left shoulder;

(g) Strain and sprain of his right thumb.

## COUNT I
### (§1983 Claims Against Defendants Hester and Mutter)

46.    Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 45 herein.

47.    On or about March 19, 2004, as aforementioned, Defendants Hester and Mutter, while acting under color of sate law, arrested, took into custody and/or detained Mr. Upchurch without a warrant, without probable cause and without reasonable belief that Mr. Upchurch had committed a crime or some other action for which arrest or detainment is legal or appropriate.

48.    Mr. Upchurch took no action which constituted any offense or provided any justification or reason for Defendants Hester and Mutter to touch Mr. Upchurch's person or handcuff Mr. Upchurch or take Mr. Upchurch into custody.

49.    The acts of Defendants Hester and Mutter were done with the purpose and intent of depriving Mr. Upchurch of his right to be secure in his person against unreasonable search and seizure as guaranteed to him by the 4th Amendment to the United States Constitution and his right not to be deprived of life, liberty or property without due process of law as guaranteed by the 14th Amendment to the Constitution of the United States.

50.    The purported reason for the actions of Defendants Hester and Mutter that Mr. Upchurch acted in a manner which constitutes the offenses of disorderly conduct, criminal mischief, criminal trespass and/or resisting arrest are false and pretexts to excuse or justify their illegal conduct.

51.    Defendants Hester and Mutter, together with other officers of Defendant Dover's Police Department, with the knowledge, agreement and consent of employees and agents of

Defendant Dover and the other Defendants have intentionally, willfully, maliciously and with a reckless disregard of the truth created a version of the events of March 19, 2004 concerning Mr. Upchurch which are not consistent with the actual occurrences in an attempt to blame him for Defendants' misconduct.

52.    As a result and proximate cause of the acts of Defendants Hester and Mutter who were acting individually and under color of law, Mr. Upchurch:

a.    Suffered great and significant physical injury and mental and emotional distress, harm, anguish, shame and humiliation; and

b.    Incurred medical expenses.

## COUNT II
### (§1983 Claim Against Defendant Dover)

53.    Plaintiffs hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 52 herein.

54.    At all times relevant to the action, Defendants Hester and Mutter were employees or agents of Defendant Dover and were acting for and on behalf of Defendant Dover. Defendant Dover knew, or should have known, of actions of its employees whose actions were within the Defendant Dover's supervision and control.

55.    Defendant Dover knew, or should have know the actions of Defendants Hester and Mutter included wholesale deprivations of Mr. Upchurch's constitutionally guaranteed civil rights and battery and false arrest.

56.    Defendant Dover showed a deliberate indifference to the well being and constitutional rights and welfare of Mr. Upchurch.

57.     By acts and/or omission of Defendant Dover, an atmosphere was created conducive to the aforesaid illegal and unconstitutional actions of Defendants Hester and Mutter and which demonstrated the complete disregard by Defendant Dover of a risk known or which should have been known and a deliberate indifference to the constitutional rights and welfare of Mr. Upchurch and others.

58.     Defendant Dover knew or should have known that Defendants Hester and Mutter together with other officers, employees or agents of Defendant Dover or its police department have created a version of the events of March 19, 2004 which is not consistent with the actual occurrences in order to cover up all Defendants' misconduct.

59.     The acts of Defendants Hester and Mutter were pursuant to a custom or policy of Defendants Dover which, as a result of the aforesaid acts and/or omissions of Defendant Dover:

    a.    Suffered great and significant physical injury and mental and emotional distress, harm, anguish, shame and humiliation; and

    b.    Incurred medical expenses.

## COUNT III
### (§1983 Claim Against Defendant Dover)

60.     Plaintiffs hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 59 herein.

61.     Defendant Dover is the employer of Defendants Hester and Mutter and at all times relevant he was acting as the agent and/or employee and under its supervision and control.

62.     Defendant Dover is responsible for the operation and conduct of the Dover Police Department and the supervising and training of all of its officers, including Defendants Hester and Mutter.

63.    Defendant Dover's negligent, intentional willful and/or wanton failure to adequately train and/or supervise its officers, specifically Defendants Hester and Mutter was a cause of the illegal and unconstitutional actions taken against Mr. Upchurch by Defendants Hester and Mutter and constitutes illegal, unconstitutional actions and deliberate indifference to the welfare and constitutional rights of Mr. Upchurch and others.

64.    As a direct and proximate result of the aforesaid actions, inactions and omissions by Defendant Dover, Mr. Upchurch:

a.    Suffered great and significant physical injury and mental and emotional distress, harm, anguish, shame and humiliation; and

b.    Incurred medical expenses.

## COUNT IV
### (§1983 Claim Against Defendant Mall)

65.    Plaintiffs hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 64 herein.

66.    Pursuant to an agreement or arrangement between Defendant Mall and Defendant Dover, Defendants Hester and Mutter, officers of the Dover police, on March 19, 2004 undertook an extra duty assignment to provide police presence and protection and security services at the Dover Mall on behalf of Defendant Mall.

67.    While providing the aforementioned extra duty assignment at the Defendant Mall, Defendants Hester and Mutter were acting as agents of both Defendant Mall and Defendant Dover.

68.    Pursuant to the agreement or arrangement between Defendant Mall and Defendant Dover, officers of the Dover Police Department, including Defendants Hester and Mutter, were authorized to invoke the force of law in aid of Defendant Mall's request for the provision of police presence and protection and security services.

11

69.    Defendant Mall was acting under color of state law by entering into an agreement or arraignment with Defendant Dover where upon officers of the Dover police were authorized to obtain extra duty assignments for the provision of police presence and protection and security at the Dover Mall.

70.    Defendant Mall knew or should have known the actions of Defendants Hester and Mutter included wholesale deprivations of Mr. Upchurch's constitutionally guaranteed civil rights, battery, and false arrest.

71.    Defendant Mall showed a deliberate indifference to the well being and constitutional rights and welfare of Mr. Upchurch.

72.    By the acts and/or omissions of Defendant Mall, an atmosphere was created conducive to the aforesaid illegal and unconstitutional actions of Defendants Hester and Mutter and which demonstrate a complete disregard by Defendant Mall of the risk known or what should have been known in a deliberate indifference to the constitutional rights and welfare of Mr. Upchurch and others.

73.    Defendant Mall knew or should have known that Defendants Hester and Mutter, together with other officers, employees or agents of Defendant Dover, Defendant Mall and/or Defendant Valor, have created a version of the events of March 19, 2004 which is not consistent with the actual occurrences, in order to cover up all Defendants' misconduct.

74.    The acts of Defendants Hester and Mutter, pursuant to a custom or policy of Defendant Mall which, as a direct result of the aforesaid acts and/or omissions of Defendants caused Plaintiff:

        a.    To suffer great and significant physical injury and mental and emotional distress, harm, anguish, shame and humiliation; and

        b.    To incur medical expenses.

12

## COUNT V
### (§1983 Claim Against Defendant Valor)

75.    Plaintiffs hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 74 herein.

76.    Pursuant to an agreement or arraignment between Defendant Valor and Defendant Dover, Defendants Hester and Mutter, officers of the Dover police, on March 19, 2004 undertook an extra duty assignment to provide police presence and protection and security services at the Dover Mall on behalf of Defendant Valor.

77.    While providing the aforementioned extra duty assignment for Defendant Valor at Defendant Mall, Defendants Hester and Mutter were acting as agents of both Defendant Valor and Defendant Dover.

78.    Pursuant to the agreement or arrangement between Defendant Valor and Defendant Dover, officers of the Dover Police Department, including Defendants Hester and Mutter, were authorized to invoke the force of law in aid of Defendant Valor's request for the provision of police presence and protection and security services.

79.    Defendant Valor was acting under color of state law by entering into an agreement or arraignment with Defendant Dover where upon officers of the Dover police were authorized to obtain extra duty assignments for the provision of police presence and protection and security at the Dover Mall.

80.    Defendant Valor knew or should have known the actions of Defendants Hester and Mutter included wholesale deprivations of Mr. Upchurch's constitutionally guaranteed civil rights, battery, and false arrest.

81.    Defendant Valor showed a deliberate indifference to the well being and constitutional rights and welfare of Mr. Upchurch.

82.    By the acts and/or omissions of Defendant Valor, an atmosphere was created conducive to the aforesaid illegal and unconstitutional actions of Defendants Hester and Mutter and which demonstrate a complete disregard by Defendant Valor of the risk known or what should have been known in a deliberate indifference to the constitutional rights and welfare of Mr. Upchurch and others.

83.    Defendant Valor knew or should have known that Defendants Hester and Mutter, together with other officers, employees or agents of Defendant Dover, Defendant Valor and/or Defendant Mall, have created a version of the events of March 19, 2004 which is not consistent with the actual occurrences, in order to cover up all Defendants' misconduct.

84.    The acts of Defendants Hester and Mutter, pursuant to a custom or policy of Defendant Valor which, as a direct result of the aforesaid acts and/or omissions of Defendants cause Plaintiff:

a.    Suffered great and significant physical injury and mental and emotional distress, harm, anguish, shame and humiliation; and

b.    To incurred medical expenses.

## COUNT VI
### (State Law Battery Claim Against Defendants Hester, Mutter, Mall, Valor)

85.    Plaintiffs hereby realleges and incorporates by reference the allegations contained in paragraphs 1 -84 herein.

86.    On March 19, 2004, Defendants Hester and Mutter were acting as agents for Defendant Mall and/or Defendant Valor.

87.    Defendant Hester acting in the course of his agency as aforementioned, without justification, placed his hands on Mr. Upchurch, and subsequently violently tackled Mr. Upchurch throwing him into jewelry cases at the Strawbridges store at the Dover Mall and then throwing him to the ground.

88.    Defendant Hester then violently pulled Mr. Upchurch's left arm behind his back and again without justification placed him in handcuffs.

89.    Defendant Mutter, acting within the scope of his agency as aforementioned, without justification, sprayed pepper spray or mace into Mr. Upchurch's face.

90.    Mr. Upchurch was unable to protect himself from the battery and excessive force used against him by Defendants Hester and Mutter, and was unarmed and did not, at any time, offer any resistence to Defendants Hester and Mutter.

91.    As a result of the violent, wrongful, unlawful and intentional misconduct of Defendants Hester and Mutter, acting within the scope of their agency as aforementioned, Mr. Upchurch suffered serious, permanent, disabling injuries including fractures of his left shoulder, torn rotator cuff, numbness in hands and an exacerbation of preexisting back and knee injuries, as well as temporary burning in his eyes, nose, throat and mouth.

WHEREFORE, Plaintiff Mr. Upchurch demands judgment against Defendants Hester, Mutter, Mall and Valor holding them jointly and severally liable to him.

### COUNT VII
### (State Law Unlawful and False Arrest Claim Against
### Defendants Hester, Mutter, Widener, Mall, and Valor)

92.    Plaintiffs hereby re-allege and incorporate by reference the allegations contained in paragraphs 1 through 91 herein.

93.    At all times relevant, Defendants Hester and Mutter were agents of Defendant Mall and/or Defendant Valor.

94.    At all times relevant, Defendant Widener was an agent and employee of Defendant Valor and an agent of Defendant Mall.

95.    At all times relevant, Defendants Hester, Mutter and Widener were acting within the scope of their agency and/or employment as aforesaid.

96.    Defendant Widener, acting within the scope of his agency or employment as aforesaid, instigated a course of events causing the unlawful and illegal imprisonment and arrest of Mr. Upchurch through his contacts and communications with Defendants Hester and/or Mutter.

97.    Defendants Hester and Mutter, acting as agents of Defendant Mall and/or Defendant Valor and in their official capacity as police officers of Defendant Dover, without any warrant or process issued by any court and without reasonable or probable cause, maliciously and unlawfully arrested Plaintiff and incarcerated him, depriving him of his liberty.

98.    Mr. Upchurch had not at the time of the events alleged herein, or at any other time had committed, or was about to commit any offense against the ordinances of the Defendant Dover or against the statutes of the State of Delaware or any other offense, and Defendants Hester, Mutter and Widener did not have any reasonable grounds for believing that Mr. Upchurch had committed, was committing or was about to commit any offense.

99.    In instigating and in making the aforementioned unlawful imprisonment and arrest, Defendants acted willfully, maliciously and without any excuse or justification,

WHEREFORE, Plaintiff Mr. Upchurch demands judgment against Defendants Mutter, Hester, Widener, Mall and Valor holding them jointly and severally liable for compensatory and punitive damages.

## COUNT VIII
### (Intentional Infliction of Emotional Distress Claim
### Against Defendants Hester, Mutter, Widener, Mall and Valor)

100.    Plaintiffs hereby reallege and incorporate by reference the allegations contained in paragraphs 1 through 99 herein.

101.    At all times relevant, Defendants Hester and Mutter were agents of Defendant Mall and/or Defendant Valor.

102.    At all times relevant, Defendant Widener was an agent and employee of Defendant Valor and an agent of Defendant Mall.

103.    At all times relevant, Defendants Hester, Mutter and Widener were acting within the scope of their agency and/or employment as aforesaid.

104.    Defendant Widener, acting within the scope of his agency or employment as aforesaid, maliciously and with the intent to cause Plaintiff mental distress and injury, and without any justification, instigated a course of events which caused the unlawful and illegal arrest and imprisonment of Mr. Upchurch and in fact caused him to suffer severe and permanent mental and emotional anguish and distress.

105.    Defendants Hester and Mutter, acting as agents of Defendant Mall and/or Defendant Valor, maliciously and with the intent to cause Mr. Upchurch mental distress and injury, and without any justification, unlawfully and illegally arrested and imprisoned Mr. Upchurch, causing him extreme embarrassment, humiliation and severe, continuing and permanent mental and emotional anguish and distress.

WHEREFORE, Mr. Upchurch demands judgment against Defendants Mutter, Hester, Widener, Mall and Valor, holding them jointly and severally liable for compensatory and punitive damages.

## COUNT IX
### (State Law *Prima Facie* Tort Claim Against Defendants Widener and Valor)

106.    Plaintiffs hereby reallege and incorporate by reference the allegations contained in paragraphs 1 through 105 herein.

107.    Defendant Widener, acting in the course of his employment and agency of Valor and his agency of Defendant Mall committed *prima facie* tort by intentionally, maliciously and without justification harming Mr. Upchurch by:

    a.    Instigating a course of events which led to the illegal detention, arrest and imprisonment of Mr. Upchurch and the use of illegal and excessive force during that arrest by falsely reporting Mr. Upchurch was disorderly and/or was trespassing; and

    b.    Knowingly manufacturing false justifications for requesting that Defendants Mutter and Hester investigate and/or detain, arrest and imprison Mr. Upchurch.

108.    Defendants Widener's, Valor's and Mall's intentional and malicious conduct was a proximate cause of Mr. Upchurch's suffering, *inter alia*, mental and emotional distress and both temporary and permanent physical injuries rendering them liable jointly and severally for compensatory and punitive damages.

WHEREFORE, Plaintiff Mr. Upchurch demands judgment against Defendants Widener and Valor holding them jointly and severally liable for compensatory and punitive damages.

## COUNT X
### (State Law Claim - Loss of Consortium of Mrs. Upchurch)

109.    Plaintiffs hereby reallege and incorporate by reference the allegations contained in paragraphs 1 through 108 herein.

110.    At all times relevant hereto, Plaintiff Mrs. Upchurch was and remains the spouse of Plaintiff Mr. Upchurch.

111.    The actions of Defendants as described herein which caused mental and emotional and physical suffering and injury to Mr. Upchurch, cause Plaintiff Mrs. Upchurch to suffer a loss of the companionship, support and consortium of her husband.

WHEREFORE, Plaintiff Mrs. Upchurch demands Defendants be held jointly and severally liable to her for compensatory and punitive damages for the loss of the society, comfort and support and consortium of her husband, Plaintiff Mr. Upchurch.

WHEREFORE, Plaintiffs demand judgment against all Defendants jointly and severally for compensatory and punitive damages, including costs and attorneys' fees pursuant to 42 U.S.C. §1988 and such other relief as is just and appropriate as determined by a jury.

BIGGS AND BATTAGLIA


_____/s/ Victor F. Battaglia_____
Victor F. Battaglia, Sr. (ID# 156)
Philip B. Bartoshesky (#2056)
921 Orange Street
P.O. Box 1489
Wilmington DE 19899-1489
(302) 655-9677
VictorSr@batlaw.com
Pbarto@batlaw.com
Attorneys for Plaintiffs

Date:  April 28, 2005