## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT ANDREW UPCHURCH and<br>ISA UPCHURCH, his wife, | : <br> : <br> : | |
| Plaintiffs, | : <br> : | |
| v. | : <br> : | C.A. No. 05-252 |
| OFFICER EDWARD K. HESTER, in his official<br>and personal capacity, OFFICER TIMOTHY D.<br>MUTTER, in his official and personal capacity,<br>CITY OF DOVER, a political subdivision of Kent<br>County, Delaware, MILLS PROPERTIES, LLC,<br>d/b/a DOVER MALL, SMS HOLDINGS<br>CORPORATION d/b/a VALOR SECURITY<br>SERVICES, and DANIEL WIDENER, | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | JURY TRIAL DEMANDED |
| Defendant. | : | |

### ANSWER TO PLAINTIFFS' COMPLAINT
### WITH SEPARATE DEFENSES AND CROSS CLAIMS
### ON BEHALF OF DEFENDANTS, OFFICER EDWARD K. HESTER,
### OFFICER TIMOTHY DEAN MUTTER AND CITY OF DOVER

Defendants, Officer Edward K. Hester, Officer Timothy Dean Mutter and City of Dover,

by and through their counsel, Marshall Dennehey Warner Coleman & Goggin, hereby respond to

Plaintiffs' Complaint as follows:

### PARTIES

1.      Denied.  After reasonable investigation, Answering Defendants are unable to

admit or deny the allegations within this paragraph of Plaintiffs' Complaint and Plaintiffs are

therefore left to their proofs with respect to these allegations.

2.      Admitted.

3.      Admitted.

4.    Admitted in part, denied in part.  It is admitted that the City of Dover is a political subdivision of Kent County, State of Delaware.  It is further admitted that the City of Dover has the authority to sue and be sued.  It is further admitted that individual Defendants Hester and Mutter are employed by the City of Dover.  The remaining allegations within this paragraph of Plaintiffs' Complaint are denied as legal conclusions to which no further response is necessary.

5.    Inasmuch as the allegations within this paragraph of Plaintiff's Complaint are not directed toward Answering Defendants, no response thereto is necessary.

6.    Inasmuch as the allegations within this paragraph of Plaintiff's Complaint are not directed toward Answering Defendants, no response thereto is necessary.

7.    Inasmuch as the allegations within this paragraph of Plaintiff's Complaint are not directed toward Answering Defendants, no response thereto is necessary.

## SECURITY ARRANGEMENTS AT DOVER MALL

8.    Admitted in part, denied in part.  It is admitted that Officers of the Dover Police Department would be assigned to the Dover Mall at the request of the Mall.  The remaining allegations within this paragraph of Plaintiffs' Complaint are denied.

9.    Denied as a legal conclusion to which no further response is necessary.

10.    Admitted in part, denied in part.  It is admitted that on March 19, 2004, Officers Hester and Mutter were working an extra duty assignment at the Mall at the request of the Mall.  It is further admitted that Plaintiff was detained and, as a consequence of his trespassing and disorderly conduct, handcuffed.  Neither of the individual Defendants were the arresting officers.

11.    Admitted in part, denied in part.  It is admitted that Plaintiff was detained on March 19, 2004 but it is denied that the individual Defendants were the arresting officers.

Plaintiffs' allegation that the individual Defendants were acting as agents of Defendant Dover are denied as a conclusion of law to which no further response is necessary.

12.     Admitted in part, denied in part.  It is admitted that Plaintiff was detained on March 19, 2004 but it is denied that the individual Defendants were the arresting officers. Plaintiffs' allegation that the individual Defendants were acting as agents of Defendant Mall are denied as a conclusion of law to which no further response is necessary.

13.     Admitted in part, denied in part.  It is admitted that Plaintiff was detained on March 19, 2004 but it is denied that the individual Defendants were the arresting officers. Plaintiffs' allegation that the individual Defendants were acting as agents of Defendant Valor are denied as a conclusion of law to which no further response is necessary.

14.     Inasmuch as the allegations in this paragraph of Plaintiffs' Complaint are not directed toward Answering Defendants, no response thereto is necessary.

15.     Denied.  After reasonable investigation, Answering Defendants are unable to admit or deny the allegations within this paragraph of Plaintiffs' Complaint and must therefore deny same, demanding strict proof thereof at the time of trial.

16.     Denied.  After reasonable investigation, Answering Defendants are unable to admit or deny the allegations within this paragraph of Plaintiffs' Complaint and must therefore deny same, demanding strict proof thereof at the time of trial.

17.     Denied.  After reasonable investigation, Answering Defendants are unable to admit or deny the allegations within this paragraph of Plaintiffs' Complaint and must therefore deny same, demanding strict proof thereof at the time of trial.

18.    Denied.  After reasonable investigation, Answering Defendants are unable to admit or deny the allegations within this paragraph of Plaintiffs' Complaint and must therefore deny same, demanding strict proof thereof at the time of trial.

19.    Denied.  After reasonable investigation, Answering Defendants are unable to admit or deny the allegations within this paragraph of Plaintiffs' Complaint and must therefore deny same, demanding strict proof thereof at the time of trial.

20.    Denied.  After reasonable investigation, Answering Defendants are unable to admit or deny the allegations within this paragraph of Plaintiffs' Complaint and must therefore deny same, demanding strict proof thereof at the time of trial.

21.    Denied.  After reasonable investigation, Answering Defendants are unable to admit or deny the allegations within this paragraph of Plaintiffs' Complaint and must therefore deny same, demanding strict proof thereof at the time of trial.

21. (sic).  Denied.  After reasonable investigation, Answering Defendants are unable to admit or deny the allegations within this paragraph of Plaintiffs' Complaint and must therefore deny same, demanding strict proof thereof at the time of trial.

22.    Denied.  After reasonable investigation, Answering Defendants are unable to admit or deny the allegations within this paragraph of Plaintiffs' Complaint and must therefore deny same, demanding strict proof thereof at the time of trial.

23.    Denied.  After reasonable investigation, Answering Defendants are unable to admit or deny the allegations within this paragraph of Plaintiffs' Complaint and must therefore deny same, demanding strict proof thereof at the time of trial.

24.     Denied.  After reasonable investigation, Answering Defendants are unable to admit or deny the allegations within this paragraph of Plaintiffs' Complaint and must therefore deny same, demanding strict proof thereof at the time of trial.

25.     Denied.  After reasonable investigation, Answering Defendants are unable to admit or deny the allegations within this paragraph of Plaintiffs' Complaint and must therefore deny same, demanding strict proof thereof at the time of trial.

26.     Denied.  After reasonable investigation, Answering Defendants are unable to admit or deny the allegations within this paragraph of Plaintiffs' Complaint and must therefore deny same, demanding strict proof thereof at the time of trial.

27.     Denied.  After reasonable investigation, Answering Defendants are unable to admit or deny the allegations within this paragraph of Plaintiffs' Complaint and must therefore deny same, demanding strict proof thereof at the time of trial.

28.     Admitted in part, denied in part.  It is admitted that Defendant Widener advised Defendants that Plaintiff Upchurch was behaving in a disorderly fashion and had been asked to leave the Mall.  The remaining allegations within this paragraph of Plaintiffs' Complaint are denied.

29.     Upon information and belief, admitted.

30.     Denied as plead.

31.     Denied as plead.

32.     Denied as plead.

33.     Denied as plead.

34.     Denied.  After reasonable investigation, Answering Defendants are unable to admit or deny the allegations within this paragraph of Plaintiffs' Complaint and must therefore deny same, demanding strict proof thereof at the time of trial.

35.     Denied as plead.

36.     Denied as plead.  To the contrary, any force employed in connection with Plaintiff's detention was reasonable under the circumstances.

37.     Denied as plead.  To the contrary, any force employed in connection with Plaintiff's detention was reasonable under the circumstances.

38.     Denied as plead.  To the contrary, any force employed in connection with Plaintiff's detention was reasonable under the circumstances.

39.     Denied as plead.  To the contrary, any force employed in connection with Plaintiff's detention was reasonable under the circumstances.

40.     Denied as plead.  To the contrary, any force employed in connection with Plaintiff's detention was reasonable under the circumstances.

41.     Denied as plead.  To the contrary, any force employed in connection with Plaintiff's detention was reasonable under the circumstances.

42.     Denied as plead.

43.     Admitted.

44.     Admitted in part, denied in part.  It is admitted that Plaintiff was taken into custody and was acquitted following trial on May 18, 2004.  The remaining allegations within this paragraph of Plaintiffs' Complaint are denied.

## MR. UPCHURCH'S INJURIES

45.     Denied.

## COUNT I

46.     Answering Defendants hereby repeat the responses to the allegations within paragraphs 1 through 45 of Plaintiffs' Complaint as if set forth herein at length.

47.     Admitted in part, denied in part.  It is admitted that Answering Defendants took Plaintiff Upchurch into custody on or about March 19, 2004.  The remaining allegations within this paragraph of Plaintiffs' Complaint are specifically denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

## COUNT II

53.     Answering Defendants hereby repeat the responses to the allegations within paragraphs 1 through 52 of Plaintiffs' Complaint as if set forth herein at length.

54.     Admitted in part, denied.  It is admitted that Defendants Hester and Mutter were employees of Defendant, City of Dover, on March 19, 2004 and were performing an extra-duty assignment at the Dover Mall.  The remaining allegations within this paragraph of Plaintiffs' Complaint are denied as conclusions of law to which no further response is necessary.

55.     Denied as plead.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

## COUNT III

60.    Answering Defendants hereby repeat the responses to the allegations within paragraphs 1 through 59 of Plaintiffs' Complaint as if set forth herein at length.

61.    Admitted in part, denied in part.  It is admitted that Defendants Hester and Mutter were employees of the City of Dover on March 19, 2004.  The remaining allegations within this paragraph of Plaintiffs' Complaint are denied as conclusions of law to which no further response is necessary.

62.    Admitted.

63.    Denied.

64.    Denied.

## COUNT IV

65.    Answering Defendants hereby repeat the responses to the allegations within paragraphs 1 through 64 of Plaintiffs' Complaint as if set forth herein at length.

66.    Admitted.

67.    Denied as conclusion of law to which no further response is necessary.

68.    Inasmuch as the allegations within this paragraph of Plaintiffs' Complaint constitute a conclusion of law, no further response is necessary.

69.    Denied as a conclusion of law to which no further response is necessary.

70.    Inasmuch as the allegations within this paragraph of Plaintiffs' Complaint are not directed toward Answering Defendant, no response thereto is necessary.

71.    Inasmuch as the allegations within this paragraph of Plaintiffs' Complaint are not directed toward Answering Defendant, no response thereto is necessary.

72.    Inasmuch as the allegations within this paragraph of Plaintiffs' Complaint are not directed toward Answering Defendant, no response thereto is necessary.

73.    Inasmuch as the allegations within this paragraph of Plaintiffs' Complaint are not directed toward Answering Defendant, no response thereto is necessary.

74.    Denied as to Answering Defendants.

## COUNT V

75.    Answering Defendants hereby repeat the responses to the allegations within paragraphs 1 through 74 of Plaintiffs' Complaint as if set forth herein at length.

76.    Denied as to Answering Defendants.

77.    Denied as a legal conclusion to which no further response is necessary.

78.    Denied as a legal conclusion to which no further response is necessary.

79.    Inasmuch as the allegations within this paragraph of Plaintiffs' Complaint are not directed toward Answering Defendants, no response thereto is necessary.

80.    Inasmuch as the allegations within this paragraph of Plaintiffs' Complaint are not directed toward Answering Defendants, no response thereto is necessary.

81.    Inasmuch as the allegations within this paragraph of Plaintiffs' Complaint are not directed toward Answering Defendant, no response thereto is necessary.

82.    Inasmuch as the allegations within this paragraph of Plaintiffs' Complaint are not directed toward Answering Defendant, no response thereto is necessary.

83.    Inasmuch as the allegations within this paragraph of Plaintiffs' Complaint are not directed toward Answering Defendants, no response thereto is necessary.

84.    Denied as to Answering Defendants.

## COUNT VI

85.   Answering Defendants hereby repeat the responses to the allegations within paragraphs 1 through 84 of Plaintiffs' Complaint as if set forth herein at length.

86.   Denied as a legal conclusion to which no further response is necessary.

87.   Denied.

88.   Denied.

89.   Denied as plead.

90.   Denied.

91.   Denied.

## COUNT VII

92.   Answering Defendants hereby repeat the responses to the allegations within paragraphs 1 through 91 of Plaintiffs' Complaint as if set forth herein at length.

93.   Denied as a legal conclusion to which no further response is necessary.

94.   Inasmuch as the allegations within this paragraph of Plaintiffs' Complaint are not directed toward Answering Defendants, no response thereto is necessary.

95.   Denied as legal conclusion to which no further response is necessary.

96.   Inasmuch as the allegations within this paragraph of Plaintiffs' Complaint are not directed toward Answering Defendants, no response thereto is necessary.

97.   Denied as to Answering Defendants.

98.   Denied as plead.

99.   Denied.

## COUNT VII

100.   Answering Defendants hereby repeat the responses to the allegations within paragraphs 1 through 99 of Plaintiffs' Complaint as if set forth herein at length.

101.    Denied as a legal conclusion to which no further response is necessary.

102.    Inasmuch as the allegations within this paragraph of Plaintiffs' Complaint are not directed toward Answering Defendants, no response thereto is necessary.

103.    Denied as legal conclusion to which no further response is necessary.

104.    Inasmuch as the allegations within this paragraph of Plaintiffs' Complaint are not directed toward Answering Defendants, no response thereto is necessary.

105.    Denied as to Answering Defendants.

## COUNT IX

106.    Answering Defendants hereby repeat the responses to the allegations within paragraphs 1 through 105 of Plaintiffs' Complaint as if set forth herein at length.

107.    Inasmuch as the allegations within this paragraph of Plaintiffs' Complaint are not directed toward Answering Defendants, no response thereto is necessary.

108.    Inasmuch as the allegations within this paragraph of Plaintiffs' Complaint are not directed toward Answering Defendants, no response thereto is necessary.

## COUNT X

109.    Answering Defendants hereby repeat the responses to the allegations within paragraphs 1 through 108 of Plaintiffs' Complaint as if set forth herein at length.

110.    Denied after reasonable investigation, Answering Defendants are unable to admit or deny the allegations within this paragraphs of Plaintiffs' Complaint and must therefore deny same, demanding strict proof thereof at the time of trial.

111.    Denied after reasonable investigation, Answering Defendants are unable to admit or deny the allegations within this paragraphs of Plaintiffs' Complaint and must therefore deny same, demanding strict proof thereof at the time of trial.

**WHEREFORE**, Answering Defendants hereby request that this Honorable Court dismiss Plaintiffs' Complaint and award costs and fees in favoring of Answering Defendants.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff(s) has/have shown no valid civil rights violations and therefore has failed to meet the statutory requirements of 42 U.S.C.S 1981, 1983, 1985, 1986 or 1988.  Plaintiff(s) has/have also failed to demonstrate the validity of jurisdiction under 28 U.S.C.S. 1927 nor under the First or Fourteenth Amendments to the United States Constitution.

### SECOND AFFIRMATIVE DEFENSE

If defendant(s) injured the plaintiff(s) as alleged in the Complaint, the plaintiff(s) was/were guilty of contributory and/or comparative negligence in that he/they failed to heed the legal advice given by the defendant(s).  This negligence on the part of plaintiff(s) contributed to the alleged injury of the plaintiff(s).

### THIRD AFFIRMATIVE DEFENSE

If the plaintiff(s) is/was injured in any way it was not as a result of actions or in actions of answering defendant(s), rather that injury was the result of the defendant(s) known assumption of the risk.

### FOURTH AFFIRMATIVE DEFENSE

As a Civil Rights Complaint, this Complaint is insufficient and therefore must be dismissed.  The allegations of the Complaint are broad and conclusory and fail to state sufficient facts in support of its conclusions.  In this Circuit, plaintiffs in Civil Rights actions are required to plead facts with specificity.  Negrich v. Horn, 379 F.2d 213 (Third Circuit, 1967), see also Rotolo v. Borough of Charleroi, 522 F.2d 920 (Third Circuit, 1976).

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff(s) Complaint fails to state a cause of action upon which relief may be granted under F.R.C.P. 12(b)(6).

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff(s) is/are liable to defendant(s) for sanctions under Rule 11 for bringing this frivolous claim.  Answering defendant(s) herein demand(s) damages in the form of costs pursuant to 28 U.S.C. 1928.  No one after reasonable inquiry could form a reasonable belief that the pleading is warranted by the existing law, nor is there any good faith argument for the extension, modification or reversal of existing law.  See Eavenson, Auchmuty and Greenwald v. Holtzman, 775 F.2d 535 (Third Circuit, 1985). c.f. Haines v. Kerner, 404 U.S. 519, 92 Set. 594, 30 Led. 2nd 652 (1972).

## SEVENTH AFFIRMATIVE DEFENSE

Individual defendants hereby assert the defense of qualified immunity as articulated in Harlow v. Fitzgerald, 457 U.s. 800 (1982) and subsequent decisions.

## EIGHTH AFFIRMATIVE DEFENSE

Individual defendants assert that they have not violated clearly established law and at all times concerned with this litigation acted in a manner which was proper, reasonable, lawful and in the exercise of good faith and, as such, enjoy not only qualified immunity, but a right not to got to trial as articulated in Mitchell v. Forsyth, 105 S.Ct. 2806 (1985).

## NINTH AFFIRMATIVE DEFENSE

Individual defendants assert, in the alternative, either that under the facts alleged or to be developed that they were acting individually and within the confines or boundaries of qualified immunity or, alternatively, that to the extent that they are named in their official capacity, those

claims should be dismissed.  <u>Brandon v. Holt</u>, 469 U.S. 464 (1985); <u>Gregory v. Chechi</u>, 843 F.2d

111 (1988).

<strong>TENTH AFFIRMATIVE DEFENSE</strong>

Plaintiff's claim for punitive damages asserted against the individual defendants in their

official capacity are barred by state and federal law.  <u>City of Newport v. Fact Concerts, Inc.</u>, 101

S.Ct. 2748 (1987).

<strong>ELEVENTH AFFIRMATIVE DEFENSE</strong>

Even if it is judicially determined that the individual defendants acted negligently and

violated clearly established law, they remain immune from the imposition of damages pursuant

to <u>Daniels v. Williams</u>, 106 S.Ct. 662 (1986) and <u>Davidson v. Cannon</u>, 106, S.Ct. 668 (1986).

<strong>TWELFTH AFFIRMATIVE DEFENSE</strong>

It is averred that probable cause existed for the arrest of plaintiff.

<strong>THIRTEENTH AFFIRMATIVE DEFENSE</strong>

Plaintiff was not subjected to the use of excessive force.

<strong>FOURTEENTH AFFIRMATIVE DEFENSE</strong>

It is averred that collateral estoppel and/or res judicata apply to bar litigation of issues

formally adjudicated concerning plaintiff's actions.

<strong>FIFTEENTH AFFIRMATIVE DEFENSE</strong>

It is averred that plaintiff was prosecuted in good faith and without malice.

<strong>SIXTEENTH AFFIRMATIVE DEFENSE</strong>

Defendants herein assert all other defenses available to them under the Civil Rights Act

of 1871.

<strong>SEVENTEENTH AFFIRMATIVE DEFENSE</strong>

The Complaint as pleaded is in general language which fails to identify specific incidents and actions of answering defendant(s) upon which a claim for relief may be grounded. (F.R.C.P. 12(b)6).

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' request for punitive damages against the City of Dover are barred by state and federal law.

## <u>CROSS CLAIM OR INDEMNIFICATION AND CONTRIBUTION</u>

Answering Defendants deny that they are liable and culpable in any respect. However, if it is determined that Answering Defendants are responsible, Answering Defendants hereby demand contribution and indemnification from the Co-Defendants, Mills Properties, LLC d/b/a Dover Mall, SMS Holdings Corporation d/b/a Valor Security Services and Daniel Widener.

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

Date:   6/22/05            BY:   /s/ *Daniel A. Griffith*

DANIEL A. GRIFFITH, ESQUIRE  (No. 4209)
1220 North Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899-8888
(302) 552-4317
Email: dgriffith@mdwcg.com

\I5_A\LIAB\DAG\LLPG\291687JVM\19180\01676

## CERTIFICATE OF SERVICE

I, **DANIEL A. GRIFFITH**, hereby certify that on this **22nd** day of **June**, **2005**, caused copies of the foregoing **ANSWER TO PLAINTIFFS' COMPLAINT WITH SEPARATE DEFENSES AND CROSS CLAIMS ON BEHALF OF DEFENDANTS, OFFICER EDWARD K. HESTER, OFFICER TIMOTHY DEAN MUTTER AND CITY OF DOVER** to be served on counsel for the parties at the following address:

Philip B. Bartoshesky, Esquire
Victor F. Battaglia, Sr., Esquire
Biggs & Battaglia
921 North Orange Street
P.O. Box 1489
Wilmington, DE 19899-1489

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

BY: /s/ *Daniel A. Griffith*
DANIEL A. GRIFFITH, ESQUIRE
I.D. No. 4209
1220 N. Market St., 5th Floor
P.O. Box 8888
Wilmington, DE 19899-8888
(302) 552-4317