**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ROBERT ANDREW UPCHURCH and ISA UPCHURCH, his wife, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| OFFICER EDWARD K. HESTER, in his official and personal capacity; OFFICER TIMOTHY D. MUTTER, in his official and personal capacity; CITY OF DOVER, a political subdivision of Kent County, Delaware; MILLS PROPERTIES, LLC, d/b/a DOVER MALL; SMS HOLDINGS CORPORATION d/b/a VALOR SECURITY SERVICES; and DANIEL WIDENER, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

C.A. No. 05-252 JJF

**ANSWER, AFFIRMATIVE DEFENSES, CROSS-CLAIM, AND DEMAND FOR INDEMNIFICATION AND CONTRIBUTION OF DEFENDANTS SMS HOLDINGS CORPORATION d/b/a VALOR SECURITY SERVICES AND DANIEL WIDENER**

1.     Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

2.     Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

3.     Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint.

4.     (a)     Admitted that defendant City of Dover is a political subdivision of Kent County, State of Delaware.

(b)    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 4 of the Complaint.

5.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint.

6.    (a)    Admitted that defendant SMS Holdings Corporation d/b/a Valor Security Services ("Valor") is a Delaware corporation whose registered agent is the Corporation Trust Company.

(b)    Denied as stated that defendant Valor provides security services to the defendant Mall.  By way of further answer, at all times relevant herein, defendant Valor provided security services to defendant Mall, but no longer does so.

(c)    The balance of the allegations in this paragraph state legal conclusions to which no response is required.

7.    (a)    Admitted that defendant Daniel J. Widener ("Widener") is a resident of the State of Delaware and that at all times relevant herein, he was an employee of defendant Valor.

(b)    Denied as stated that defendant Widener's address for service of process is 34 Meadow Glen Drive, Dover, Delaware 19901. By way of further answer, defendant Widener may be contacted through counsel.

(c)    The balance of the allegations in Paragraph 7 of the Complaint state legal conclusions to which no response is required.

8.    (a)    Denied as to answering defendants.

(b)    Answering defendants are without knowledge or information sufficient to form a belief as to the balance of the allegations contained in Paragraph 8 of the Complaint.

9.    (a)    Denied that the Dover police officers who provide police presence and protection and security services at the Dover Mall acted as agents of defendant Valor.

(b)    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 9 of the Complaint.

10.    (a)    Admitted that on March 19, 2004, plaintiff Upchurch was detained by defendants Hester and Mutter.

(b)    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 10 of the Complaint.

11.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13.    Denied.

14.    (a)    Admitted that on March 19, 2004, defendant Widener was an employee of defendant Valor.

(b)    The balance of the allegations contained in paragraph 14 of the Complaint are denied.

15.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17.    Denied as stated.  By way of further answer, upon information and belief, on March 19, 2004, the Dover Mall closed at 9:00 p.m., with the exception of the Food Court and

the movie theaters, which were open later for the convenience of persons who chose to attend late showings of films.  Upon further information and belief, the hours of the Strawbridge's store were not established by defendant Mall but rather by Strawbridge's itself.

18.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint.

19.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint.

20.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint.

21.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint.

21. [sic] Denied as stated.  By way of further answer, it is admitted that defendant Widener, upon seeing plaintiff in the interior of the Dover Mall at a time when it was closed, approached plaintiff, advised him that the Mall was closed, and asked him to leave.

22.    Denied as stated.  By way of further answer, defendant Widener approached plaintiff and advised him that the Mall was closed.  Defendant Widener then asked plaintiff to exit the Mall, whereupon plaintiff asked defendant Widener why the Boscov's store did not have its hours posted.

23.    (a)    Denied as stated that defendant Widener "told Mr. Upchurch he was a mall security guard and that the Mall was closed".  By way of further answer, after plaintiff ignored defendant Widener's request that he leave the Mall because it was closed, defendant Widener told plaintiff that he was a security officer, and once again asked plaintiff to leave the

Mall because it was closed.  In reply, plaintiff told defendant Widener to "F—k off!" and asked defendant Widener to produce identification

       (b)    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 23 of the Complaint.

      24.    Denied as stated.  By way of further answer, it is admitted that in response to plaintiff's request, defendant Widener produced identification in the form of his Delaware driver's license and a photo identification card issued by the Delaware State Police identifying defendant Widener as a State-licensed security guard, both of which were clearly visible in a bifold wallet-type holder.

      25.    (a)    Admitted that plaintiff walked away from defendant Widener.

       (b)    Further admitted that defendant Widener contacted the Dover Police Department on his hand-held two-way radio due to plaintiff's refusal to obey his commands to leave the Mall.

       (c)    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 25 of the Complaint

      26.    (a)    Denied that plaintiff walked towards the Food Court. By way of further answer, plaintiff walked away from defendant Widener and began to walk down the center aisle of the Mall, towards Strawbridge's.

       (b)    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 26 of the Complaint.

      27.    Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 27 of the Complaint.

28.     (a)     Admitted that defendant Widener told the Dover police officers that plaintiff told him to "F—k off" after defendant Widener told plaintiff that the Mall was closed and asked him to leave.

        (b)     The balance of the allegations in Paragraph 28 of the Complaint are denied.

29.     (a)     Admitted that Strawbridge's was open at the time of the incident.

        (b)     The balance of the allegations in Paragraph 29 of the Complaint are denied.

30.     Denied.

31.     (a)     Denied that defendant Hester "just stared, saying nothing" to plaintiff.

        (b)     Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 18 of the Complaint.

32.     (a)     Admitted that plaintiff was apprehended by defendants Hester and Mutter.

        (b)     Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 32 of the Complaint.

33.     Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint.

34.     Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint.

35.     Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint.

36.     (a)     Admitted that plaintiff was sprayed with pepper spray.

(b)    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 36 of the Complaint.

37.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint.

38.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint.

39.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint.

40.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint.

41.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint.

42.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint.

43.    Admitted.

44.    (a)    Admitted that a trial on the charges brought against plaintiff was held in the Kent County Court of Common Pleas on May 18, 2004 and that plaintiff was acquitted on all charges.

(b)    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 44 of the Complaint.

45.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint.

## COUNT I
### (§ 1983 Claims Against Defendants Hester and Mutter)

46.    Answering defendants repeat their responses to Paragraphs 1 through 45 of the Complaint and incorporate the same herein by reference.

47.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint.

48.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint.

49.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint.

50.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint.

51.    (a)    Denied as to answering defendants.

(b)    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 51 of the Complaint.

52.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint.

## COUNT II
### (§ 1983 Claim Against Defendant Dover)

53.    Answering defendants repeat their responses to Paragraphs 1 through 52 of the Complaint and incorporate the same herein by reference.

54.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint.

55.     Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint.

56.     Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint.

57.     Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint.

58.     (a)     Denied as to answering defendants.

        (b)     Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 58 of the Complaint.

59.     Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint.

## COUNT III
### (§ 1983 Claim Against Defendant Dover)

60.     Answering defendants repeat their responses to Paragraphs 1 through 59 of the Complaint and incorporate the same herein by reference.

61.     Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint.

62.     Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint.

63.     Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint.

64.     Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint.

## COUNT IV
### (§ 1983 Claim Against Defendant Dover)

65.    Answering defendants repeat their responses to Paragraphs 1 through 65 of the Complaint and incorporate the same herein by reference.

66.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint.

67.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint.

68.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Complaint.

69.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint.

70.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Complaint.

71.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Complaint.

72.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the Complaint.

73.    (a)    Denied as to answering defendants.

(b)    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 73 of the Complaint.

74.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint.

**COUNT V**
**(§ 1983 Claim Against Defendant Valor)**

75.    Answering defendants repeat their responses to Paragraphs 1 through 74 of the Complaint and incorporate the same herein by reference.

76.    Denied.

77.    (a)    Denied that any agreement or arrangement existed between defendant Valor and defendant Dover to supply police protection and security services at the Dover Mall on behalf of defendant Valor.

(b)    The allegation that defendants Hester and Mutter were acting as agents of defendant Valor states a legal conclusion to which no response is required.

(c)    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 77 of the Complaint.

78.    (a)    Denied that any agreement or arrangement existed between defendant Valor and defendant Dover to supply police protection and security services at the Dover Mall on behalf of defendant Valor.

(b)    The balance of the allegations in Paragraph 78 of the Complaint state legal conclusions to which no response is required.

79.    (a)    Denied that any agreement or arrangement existed between defendant Valor and defendant Dover to supply police protection and security services at the Dover Mall on behalf of defendant Valor.

(b)    The balance of the allegations in Paragraph 79 of the Complaint state legal conclusions to which no response is required.

80.    Denied.

81.    Denied.

82.    Denied.

83.    (a)    Denied as to answering defendants.

(b)    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 83 of the Complaint.

84.    (a)    Denied as to answering defendants.

(b)    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 84 of the Complaint.

## COUNT VI
### (State Law Battery Claim Against Defendants Hester, Mutter, Mall, Valor)

85.    Answering defendants repeat their responses to Paragraphs 1 through 84 of the Complaint and incorporate the same herein by reference.

86.    (a)    Denied as to answering defendants.

(b)    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 86 of the Complaint.

87.    (a)    Denied as to answering defendants.

(b)    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 87 of the Complaint.

88.    The allegations contained in Paragraph 88 of the Complaint state legal conclusions to which no response is required.

89.    (a)    Denied as to answering defendants.

(b)    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 89 of the Complaint.

90.    (a)    Denied that plaintiff did not offer resistance to defendants Hester and Mutter.

(b)    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 90 of the Complaint.

91.    (a)    Denied that on March 19, 2004, defendants Hester and Mutter were acting as agents of defendant Valor.

(b)    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 91 of the Complaint.

**WHEREFORE**, answering defendants demand judgment in their favor and against plaintiffs, together with costs taxed to plaintiffs.

**COUNT VII**
**(State Law Unlawful and False Arrest Claim**
**Against Defendants Hester, Mutter, Widener, Mall, and Valor)**

92.    Answering defendants repeat their responses to Paragraphs 1 through 91 of the Complaint and incorporate the same herein by reference.

93.    (a)    Denied as to answering defendants.

(b)    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 93 of the Complaint.

94.    (a)    Admitted that on March 19, 2004, defendant Widener was an employee and agent of defendant Valor and acting within the scope of his authority as such.

(b)    The balance of the allegations contained in paragraph 94 of the Complaint are denied.

95.    (a)    Denied that on March 19, 2004, defendants Hester and Mutter were agents of defendant Valor.

(b)    Admitted that on March 19, 2004, defendant Widener was an employee and agent of defendant Valor and acting within the scope of his authority as such.

(c)    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 95 of the Complaint.

96.    (a)    Admitted that on March 19, 2004, defendant Widener was an employee and agent of defendant Valor and acting within the scope of his authority as such.

(b)    The balance of the allegations in Paragraph 96 of the Complaint are denied.

97.    (a)    Denied that on March 19, 2004, defendants Hester and Mutter were agents of defendant Valor.

(b)    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 97 of the Complaint.

98.    Denied.

99.    Denied.

**WHEREFORE**, answering defendants demand judgment in their favor and against plaintiffs, together with costs taxed to plaintiffs.

### COUNT VIII
### (Intentional Infliction of Emotional Distress Claim
### Against Defendants Hester, Mutter, Widener, Mall and Valor)

100.    Answering defendants repeat their responses to Paragraphs 1 through 99 of the Complaint and incorporate the same herein by reference.

101.    (a)    Denied that on March 19, 2004, defendants Hester and Mutter were agents of defendant Valor.

(b)    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 101 of the Complaint.

102.    (a)    Admitted that on March 19, 2004, defendant Widener was an employee and agent of defendant Valor and acting within the scope of his authority as such.

(b)    The balance of the allegations contained in Paragraph 102 of the Complaint are denied.

103.    (a)    Admitted that on March 19, 2004, defendant Widener was an employee and agent of defendant Valor and acting within the scope of his authority as such.

(b)    The balance of the allegations contained in Paragraph 103 of the Complaint are denied.

104.    (a)    Admitted that on March 19, 2004, defendant Widener was an employee and agent of defendant Valor and acting within the scope of his duties as such.

(b)    The balance of the allegations in Paragraph 104 of the Complaint are denied.

105.    (a)    Denied that on March 19, 2004, defendants Hester and Mutter were acting as agents of defendant Valor.

(b)    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 105 of the Complaint.

**WHEREFORE**, answering defendants demand judgment in their favor and against plaintiffs, together with costs taxed to plaintiffs.

## COUNT IX
## (State Law *Prima Facie* Tort Claim Against Defendants Widener and Valor)

106.    Answering defendants repeat their responses to Paragraphs 1 through 105 of the Complaint and incorporate the same herein by reference.

107.    Denied as to the initial allegation and all subparts.

108.    Denied.

**WHEREFORE**, answering defendants demand judgment in their favor and against plaintiffs, together with costs taxed to plaintiffs.

## COUNT X
## (State Law Claim – Loss of Consortium of Mrs. Upchurch)

109.    Answering defendants repeat their responses to Paragraphs 1 through 108 of the Complaint and incorporate the same herein by reference.

110.    Answering defendants are without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of the Complaint.

111.    (a)    Denied as to answering defendants.

(b)    Answering defendants are without information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 111 of the Complaint.

**WHEREFORE**, answering defendants demand judgment in their favor and against plaintiffs, together with costs taxed to plaintiffs.

## FIRST AFFIRMATIVE DEFENSE

112.    The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

113.    The Complaint fails to state with particularly circumstances constituting fraud, as required by FED. R. CIV. P. 9(b).

## THIRD AFFIRMATIVE DEFENSE

114.    The Complaint fails to specifically state plaintiff's items of special damages, as required by FED. R. CIV. P. 9(g).

## FOURTH AFFIRMATIVE DEFENSE

115.    Plaintiff's alleged injuries were caused by a situation of plaintiff's own creation by his failure and/or refusal to obey the lawful instructions of defendant Widener and/or defendants Hester and/or Mutter to stop, identify himself, and/or exit the Mall.

## FIFTH AFFIRMATIVE DEFENSE

116.    Plaintiff's claims are barred or limited by the degree of his own negligence, in that plaintiff was comparatively negligent in a manner proximately causing his own injuries.

## SIXTH AFFIRMATIVE DEFENSE

117.    Answering defendants were not acting under color of law or were otherwise state actors.

## SEVENTH AFFIRMATIVE DEFENSE

118.    Plaintiff's Complaint does not allege facts sufficient to justify a claim of punitive damages.

## EIGHTH AFFIRMATIVE DEFENSE

119.    Plaintiff's injuries pre-existed the alleged incident in whole or in part.

## NINTH AFFIRMATIVE DEFENSE

120.    Plaintiff's injuries were not proximately caused by answering defendants' alleged negligence.

## TENTH AFFIRMATIVE DEFENSE

121.    Plaintiff's claims for attorney's fees are barred to the extent said fees were not incurred in connection with those claims which do not arise under 42 U.S.C. §§ 1983 and 1988.

## ELEVENTH AFFIRMATIVE DEFENSE

122.    Plaintiff's injuries were caused by the supervening negligent act of another.

## CROSS-CLAIM AND DEMAND FOR INDEMNIFICATION AND CONTRIBUTION

123.    Answering defendants repeat their responses to Paragraphs 1 through 111 of the Complaint and incorporate them herein by reference.

124.    Answering defendants deny that they are liable to plaintiffs in any respect. However, in the event that answering defendants are held primarily liable to plaintiffs, the alleged wrongful acts of co-defendants Hester, Mutter, City of Dover, and Mills Properties, LLC are contributory causes of the alleged damages sustained by plaintiffs.  As such, answering defendants are entitled to contribution from co-defendants Hester, Mutter, City of Dover, and Mills Properties, LLC in any amount they may be required to pay plaintiffs as a result of said alleged wrongful acts based on the relative fault as determined in accordance with the provisions of the Uniform Contribution Among Tortfeasors Act, 10 *Del. C.* § 6301 *et seq.*

125.    Answering defendants deny that they are liable to plaintiffs in any respect. However, in the event that answering defendants are held liable to plaintiffs, then they hereby

cross-claim against co-defendants Hester, Mutter, City of Dover, and Mills Properties, LLC on the grounds that the conduct of co-defendants Hester, Mutter, City of Dover, and/or Mills Properties, LLC was the primary cause of the damages sustained by plaintiffs, if any, and that answering defendants, if liable, are only secondarily liable.  Therefore, answering defendants are entitled to indemnification from co-defendants Hester, Mutter, City of Dover, and Mills Properties, LLC.

**WHEREFORE**, answering defendants demand judgment in their favor and against co-defendants Hester, Mutter, City of Dover, and/or Mills Properties, jointly and severally, together with interest and the costs of this action.


PERRY & SENSOR


By:   /s/    Michael L. Sensor
        Michael L. Sensor, Esquire
        Delaware Bar ID No.  3541
        Suite 560, First Federal Plaza
        P.O. Box 1568
        Wilmington, DE 19899-1568
        Telephone: (302) 655-4482
        Attorney for Defendants SMS Holdings
        Corporation d/b/a Valor Security Services
        and Daniel Widener

Dated: July 8, 2005

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 8, 2005, he electronically filed the following document with the Clerk of Court using CM/ECF which will send notification of such filing to the following persons, counsel of record for all parties:

**DOCUMENT:**

Answer, Affirmative Defenses, Cross-Claim, and Demand for Indemnification and Contribution of Defendants SMS Holdings Corporation d/b/a Valor Security Services and Daniel Widener

**RECIPIENTS:**

Victor F. Battaglia, Sr., Esquire
Biggs & Battaglia
921 North Orange Street
P. O. Box 1489
Wilmington, DE 19899-1489

Daniel A. Griffith, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
1220 North Market Street, 5th Floor
P. O. Box 8888
Wilmington DE 19899-0130

**PERRY & SENSOR**

By: /s/ Michael L. Sensor
Michael L. Sensor, Esquire
Delaware Bar ID No. 3541
Suite 560, First Federal Plaza
P.O. Box 1568
Wilmington, DE 19899-1568
Telephone: (302) 655-4482
Attorney for Defendants SMS Holdings Corporation d/b/a Valor Security Services and Daniel Widener

Dated: July 8, 2005