## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT ANDREW UPCHURCH and<br>ISA UPCHURCH, his wife,<br><br>        Plaintiffs,<br><br>    v.<br><br>OFFICER EDWARD K. HESTER, in his official and personal capacity, OFFICER TIMOTHY D. MUTTER, in his official and personal capacity, CITY OF DOVER, a political subdivision of Kent County, Delaware, THE MILLS CORPORATION, d/b/a DOVER MALL, SMS HOLDINGS CORPORATION d/b/a VALOR SECURITY SERVICES, and DANIEL WIDENER,<br><br>        Defendants. | C.A. No. 05-252 |

### DEFENDANT, DOVER MALL LIMITED PARTNERSHIP'S
### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendant, Dover Mall Limited Partnership, incorrectly designated as "The Mills Corporation, d/b/a Dover Mall" (hereinafter referred to as "Dover Mall"), by and through its undersigned counsel, respectfully submits the following Memorandum of Law in Support of its Fed. R. Civ. P. 12(b)(6) Motion to Dismiss the First Amended Complaint filed by Robert Andrew Upchurch ("Mr. Upchurch") and his wife, Isa Upchurch ("Mrs. Upchurch") (collectively "Plaintiffs").

## I. STATEMENT OF FACTS

Plaintiffs' First Amended Complaint ("Complaint") relates to an incident which allegedly occurred at the Dover Mall on March 19, 2004. A true and correct copy of the Complaint is attached hereto as Exhibit "A". On that date, Mr. and Mrs. Upchurch were patronizing the Mall with their daughter after the hour at which most stores had closed for the night. Complaint at ¶

17. According to the Complaint, Mr. Upchurch had approached the glass doors at Boscov's when he was confronted by Defendant Widener, who claimed to be a Mall security guard[1] and informed Mr. Upchurch that the Mall was closed. Complaint at ¶¶ 21-23. Plaintiffs admit in the Complaint Defendant Widener was an employee of co-defendant Valor Security. Complaint at ¶ 7.

As Mr. Upchurch walked away from the store, he allegedly heard Defendant Widener communicate with someone else via two-way radio that he had someone who would not leave the Mall. Complaint at ¶ 25. When Mr. Upchurch was about twenty feet away from another store, Defendant Hester (a Dover police officer patrolling in uniform) allegedly approached him and placed his hands on Mr. Upchurch's shoulders, without speaking. Complaint at ¶ 30. Mr. Upchurch turned to run into the store, where he claims to have been tackled by Defendant Hester. Complaint at ¶¶ 31-33. Defendant Mutter (also a Dover police officer patrolling in uniform) then arrived on the scene and allegedly sprayed Mr. Upchurch with a substance that Plaintiffs claim was either mace or pepper spray. Complaint at ¶¶ 36.

Plaintiffs claim that Defendant Hester then handcuffed Mr. Upchurch, lifted him to his feet, and walked him out of the store. Complaint at ¶¶ 38-41. At that point, Defendants Hester and Mutter (collectively, the "Police Officers") saw a patrol unit of the Dover Police Department working in the area and turned Mr. Upchurch over to those other officers. The other officer, not named in this lawsuit, informed Plaintiff that he was under arrest and transported him to a police station, where he was charged and fingerprinted. Complaint at ¶¶ 41-44.

---

[1]    Dover Mall contracts with co-defendant Valor Security Services ("Valor Security") for security services throughout the property. All mall security personnel are Valor Security employees and not employees of Dover Mall. A true and correct copy of the Security Services Agreement is attached hereto as Exhibit "B".

Plaintiffs have brought claims against Dover Mall pursuant to 42 U.S.C. § 1983 and under various theories of Delaware state tort law. For the reasons that follow, each of Plaintiffs' claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

## II.    ARGUMENT

### A.    Standard for Deciding Motion to Dismiss

The Court should grant a Rule 12(b)(6) motion if it "appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Carino v. Stefan*, 376 F.3d 156, 159 (3d Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a motion to dismiss, the Court is required to accept as true all of the allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the plaintiff. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citing *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989)). However, the Court is not required to accept the Complaint's "bald assertions" or legal conclusions. *Id.* (citing In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1429-30 (3d Cir. 1997)).

The Complaint, viewed in the light most favorable to Plaintiffs and without regard to Plaintiffs' bald assertions and legal conclusions fails to adequately assert that Dover Mall was a state actor and acted under color of state law. The Complaint fails to allege that Dover Mall somehow substituted its judgment for that of the police, and accordingly fails to state a claim upon which relief may be granted under § 1983. Plaintiffs' Complaint also does not allege sufficient facts, and sufficient facts do not exist, to support a culpable agency relationship between Dover Mall and Defendants Valor Security, Widener, and/or the Police Officers

whereby Dover Mall could be vicariously liable for the alleged torts committed by them. It therefore also fails to state a claim for which relief may be granted under state law.

**B.    <u>The Court Should Dismiss Plaintiffs' Claim Under 42 U.S.C. § 1983</u>**

       **1.    Dover Mall is not a state actor nor did it act under color of state law**

To state a claim under 42 U.S.C. § 1983, a plaintiff must "allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under the color of state law." *Abraham v. Raso*, 183 F.3d 279, 287 (3d Cir. 1999) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). The Supreme Court has held that a private party may be held liable under Section 1983 if "the deprivation [is] caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible" and if "the party charged with the deprivation [is] a person who may fairly be said to be a state actor." See *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). One may become a state actor "because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id.*

The Third Circuit has clarified that commercial establishments may only be held liable under Section 1983 when the police have a pre-arranged plan with the establishment and, under the plan, the police will arrest anyone identified by the establishment without independently evaluating the presence of probable cause. See *Lewis v. J.C. Penney Company, Inc.*, 948 F. Supp. 367, 373 (D.Del. 1996) (citing *Cruz v. Donnelly*, 727 F.2d 79 (3d Cir. 1984)). In other words, "state action will not be found in the absence of a substitution of the private actor's judgment for that of the police." *Lewis* at 373.

Plaintiffs do not allege in their Complaint that the owners or any employees of the Mall were state officials. Instead, Plaintiffs allege, and it is in fact true, that the Mall is owned and

operated by a Delaware corporation, which they identify as The Mills Corporation.[2] See Complaint ¶ 5. Plaintiffs also do not allege that the Mall acted together with the state or received significant aid from the state. On the contrary, Plaintiffs allege that the presence of Dover police officers at the Mall was obtained through paying a fee and waiting for individual officers to voluntarily accept these "extra duty" assignments. ¶ 8. It is not alleged that the Police Department agreed to provide any specific number of officers to the Mall, that any officers were forced or encouraged to accept assignments at the Mall, or that any significant number of officers were actually ever assigned to the Mall. The Mall is a private party, and cannot be found to be a "state actor" as the Complaint fails to plead the requirements described in Lugar, Lewis, and Cruz.

      **2.**      **Plaintiffs have not alleged that the Mall had a pre-arranged plan with the police department that required the police to arrest anyone identified by the Mall without independently evaluating the presence of probable cause**

Plaintiffs allege in their Complaint that "[p]ursuant to the agreement or arrangement between Defendant Mall and Defendant Dover, officers of the Dover Police Department ... were authorized to invoke the force of law in aid of Defendant Mall's request for the provision of police presence and protection and security services." Complaint at ¶ 68. The Complaint does not allege that the police officers assigned to the Mall were <u>required</u> to arrest any person identified by the Mall without an independent evaluation of the circumstances. To the contrary, the uniformed Police Officers, at all times, exercise independent judgment in stopping, detaining

---

[2]     In actuality, the mall is owned by Dover Mall Limited Partnership which was incorrectly designated as The Mills Corporation, a related parent corporation.

     Furthermore, the contract between Dover Mall and Valor Security make it quite clear that Valor Security and its employees are independent contractors and that Valor Security is required to indemnify Dover Mall from all claims arising out of its security services. See Exhibit "B". In the event that Dover Mall is required to file an Answer in this case, it will assert a crossclaim against Valor Security claiming, inter alia, contractual indemnification.

and, if appropriate, arresting. By that fact alone, Plaintiffs have failed to allege that the Mall is a state actor and have therefore failed to state a claim under Section 1983.

However, even if the Court were to infer from the allegations in the Complaint that such a pre-arranged plan between the Mall and the Dover Police Department existed, the Complaint does not allege that the Mall or any of its employees ever identified Mr. Upchurch to the police or asked the police to arrest him. The only person alleged to have identified Mr. Upchurch to the police is Defendant Widener, who was an employee of Valor Security, not an employee of the Mall itself.[3] Complaint ¶¶ 7, 25. Because neither the owners nor any employee of Dover Mall identified Mr. Upchurch to the police, it is impossible to conclude that Dover Mall in some way asked the police to substitute its judgment for their own with regard to Mr. Upchurch. As such, Plaintiffs have failed to state a claim under § 1983.

### C.     The Court Should Dismiss Plaintiffs' State Law Claims

####    1.     Principals are liable for torts committed by their agents within the scope of their employment, but are not liable for the torts committed by independent contractors

Under Delaware law, liability for the torts of an agent may be imposed upon the principal when those torts are committed by the agent within the scope of the agent's employment. See *Fisher v. Townsends, Inc.*, 695 A.2d 53, 58 (Del. 1997); *Draper v. Oliviere Paving & Construction Co.*, 181 A.2d 565, 569 (Del. 1962). However, when a company hires an independent contractor, the independent contractor may be independently liable for any torts

---

[3]     Plaintiffs allege that Defendant Widener was an agent of the Mall, but they offer no facts to support this assertion. *See* Complaint ¶ 7. The Court is not required to accept Plaintiffs' "bald assertions" or legal conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citing *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)).The Court should therefore not accept Plaintiffs' unsupported assertion of an agency relationship between Defendant Widener and the Mall. Viewing the facts in the light most favorable to Plaintiffs, it is reasonable to infer that Defendant Widener might be an agent of Defendant Valor, his employer. However, nothing in Plaintiffs' Complaint makes it reasonable to conclude that Defendant Widener was also an agent of the Mall, a Defendant by which he is not alleged to have been employed. *See* Complaint ¶ 7.

committed in the performance of its work. See *Fisher* at 58; *E.I. Dupont De Nemours & Co. v. I.D. Griffith, Inc.*, 130 A.2d 783, 784 (Del. 1957).

    2.      **Agency status results from a particular form of control exercised by the principal**

       Whether a purported agent is actually an agent or is instead an independent contractor turns on the degree of control exercised by the principal. The Delaware Supreme Court has held that "[a] requirement that the work be performed according to standards and specifications imposed by the owner is not sufficient to establish the degree of control necessary to make a presumably independent contractor the agent of the owner." *Dupont* at 784. Instead, agency status will be found to exist when the owner retains "the right not only to insure conformity with specifications but the retention or exercise of the right to direct the manner in or means by which the work shall be performed." *Id.* at 784-85. Put differently "[i]f the principal assumes the right to control the time, manner and method of executing the work, as distinguished from the right merely to require certain definite results in conformity to the contract, a master/servant type of agency relationship has been created." *Fisher* at 59. However, if the purported agent "is not subject to that degree of physical control, but is subject only to the general control and direction by the contractee, the worker is termed an independent contractor." *Id.*

    3.      **Valor Security, who employed Defendant Widener and who supervised the Police Officers was an independent contractor rather than an agent of the Mall**

       Plaintiffs allege that the Police Officers, Valor Security, and Widener were agents of the Mall at the time of the alleged incident. Complaint ¶¶ 6, 12, 14. However, nowhere in the Complaint is it alleged how Dover Mall exercised such a degree of control over these Defendants to have created an agency relationship. These allegations of an agency relationship are bare assertions unsupported by any alleged facts, and the Court need not accept them. *See Morse v.*

*Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citing *In re Burlington Coat Factory*

*Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997).

      The Delaware Supreme Court has adopted the factors described in the Restatement

(Second) of Agency as a non-exhaustive guide to determining whether an agency relationship

exists. *See Fisher* at 59. These factors include "the extent of control which, by the agreement, the

master may exercise over the details of the work;" "whether or not the one employed is engaged

in a distinct occupation or business;" "the kind of occupation, with reference to whether, in the

locality, the work is usually done under the direction of the employer or by a specialist without

supervision;" "the skill required in the particular occupation;" "whether the employer or the

workman supplies the instrumentalities, tools, and the place of work for the person doing the

work;" "the length of time for which the person is employed;" "the method of payment, whether

by the time or by the job;" "whether or not the work is part of the regular business of the

employer;" "whether or not the parties believe they are creating the relation of master and

servant;" and "whether the principal is or is nor in business." *Id.* (citing Restatement (Second) of

Agency § 220). Even accepting as true all of the allegations in the Complaint and making all

reasonable inferences therefrom as required under *Morse* and *Rocks*, Plaintiffs have failed to

adequately allege an agency relationship between Dover Mall and any of the other Defendants.[4]

      Plaintiffs do not allege that the Mall retained or exercised the right to direct the manner in

or means by which security services were to be performed at the Mall. All that is alleged is that

Valor Security "provides security services for the Defendant Mall." ¶ 6. Nowhere in the

Complaint do Plaintiffs allege that the agreement between Dover Mall and Valor Security

---

[4]    Exhibit B, the Security Services Agreement between Dover Mall and Valor Security confirms the "independent contractor" status of the parties.  Furthermore, the Agreement confirms that it was Valor Security, not Dover Mall, that was contractually responsible for conducting all security services throughout the property.

permits either the owners of the Mall or any employees of the Mall to direct the details of the manner in which security services were to be provided. Nowhere in the Complaint do Plaintiffs allege that Valor Security's services are not distinct or that its services are usually performed under an outside employer's supervision. Nowhere in the Complaint is it alleged that Valor Security's services do not require specialized skills. Nowhere in the Complaint is it alleged that Dover Mall provides Valor Security with the guards employed by Valor Security, or the police officers controlled and supervised by Valor Security with the tools necessary to perform their work or a place of business out of which to operate. No allegations in the Complaint discuss the length of time for which an implied employment relationship between Valor Security and Dover Mall was to continue or the method of payment. The Complaint fails to allege that the provision of security services is part of the regular business of the Mall. None of the allegations in the Complaint address the beliefs of the parties as to their relationship or even the representations of their relationship. Further, Plaintiffs do not allege in the Complaint that either the owners or any employees of Dover Mall directed the specific activities of any security officers or police officers; retained or exercised control over the hiring, training, performance, discipline, or termination of any security officers or police officers employed by Valor Security; or otherwise retained or exercised control over any aspect of Valor Security's services or the services of its employees, security guards, or the police officers.

Plaintiffs have simply made an unsupported assertion that Valor Security, its employees, Widener, and the Police Officers, Hester and Mutter, were all agents of Dover Mall. Without an adequate allegation of this basis for agency status – a status without which Dover Mall cannot be vicariously liable for the Police Officers' alleged torts - the Court should dismiss Plaintiffs' state law tort claims for failure to state a claim upon which relief may be granted.

III.    **CONCLUSION**

For the foregoing reasons, Defendant Dover Mall Limited Partnership, incorrectly

designated as "The Mills Corporation, d/b/a Dover Mall", respectfully requests that the Court

grant this Motion, dismiss Counts IV, VI, VII, VIII, and X of the First Amended Complaint.

Respectfully submitted,

BY: _____

Peter C. Hughes, Esquire (DE No. 4180)
DILWORTH PAXSON LLP
First Federal Plaza
Suite 500
Wilmington, DE 19801
Tel: 302-571-9800
Fax: 302-571-8875

Jay E. Kagan, Esquire
DILWORTH PAXSON LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103
Tel: 215-575-7354
Fax: 215-575-7200

Attorneys for Defendant Dover Mall Limited
Partnership, incorrectly designated as "The Mills
Corporation, d/b/a Dover Mall"

Dated: January 13, 2006