IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT ANDREW UPCHURCH and | § | |
| ISA UPCHURCH, his wife, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | C. A. No. 05-252 JJF |
| v. | § | |
| | § | |
| OFFICER EDWARD K. HESTER, in his official | § | |
| and personal capacity, OFFICER TIMOTHY D. | § | Jury Trial Demanded |
| MUTTER, in his official and personal capacity, | § | |
| CITY OF DOVER, a political subdivision of Kent | § | |
| County, Delaware, THE MILLS CORPORATION, | § | |
| d/b/a DOVER MALL, SMS HOLDINGS | § | |
| CORPORATION d/b/a VALOR SECURITY | § | |
| SERVICES, and DANIEL WIDENER, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS OF DOVER MALL, VALOR SECURITY SERVICES AND DANIEL WIDENER

Plaintiffs, by and through their attorneys, oppose the Motion to Dismiss of Defendant,

Dover Mall Limited Partnership (designated as the Mills Corporation d/b/a Dover Mall)

(hereinafter "Dover Mall") and the Motions to Dismiss of SMS Holding Company and Daniel

Widener as follows:

## I.    STAGE OF PROCEEDINGS

Plaintiffs Complaint alleges, *inter alia*, claims pursuant to 42 U.S.C. § 1983 against two

private entities, the Mills Corporation d/b/a Dover Mall, (hereafter "Dover Mall") and the SMS

Holdings Corporation d/b/a Valor Security Services (hereafter "Valor"). [1]

---

[1] Plaintiffs' original Complaint misstated the name of the owner of the Mall and was subsequently amended to correct that mistake.

Valor, and its employee, Security Guard Daniel Widener (hereafter "Widener")has filed an Answer to the Complaint. Dover Mall, in lieu of filing an Answer, on January 13, 2006 filed a Motion to Dismiss pursuant to FRCP 12(b)(6). On January 20, 2006, Valor and Defendant Daniel Widener, a security guard employed by Valor, (hereafter "Widener") filed a Joinder of Dover Mall's Motion to Dismiss adopting and joining in Dover Mall's arguments and incorporating them by reference.

This is Plaintiffs' Memorandum of Law opposing Defendant Dover Mall's, Defendant Valor 's and Defendant Widener's Motion to Dismiss.

## II.     STATEMENT OF FACTS

In that Dover Mall has filed a Motion under F.R.C.P. 12(b)(6), the facts are limited to those set forth in the First Amended Complaint ("Complaint"). A copy of the Complaint is attached as Exhibit "A" to Dover Mall's Memorandum of Law in Support of its Motion to Dismiss.

The Complaint states that on March 19, 2004, Plaintiffs Robert Andrew Upchurch ("Mr. Upchurch") and Iza Upchurch, his wife ("Mrs. Upchurch") were shopping at the Dover Mall. (Complaint ¶¶1, 15) Dover Mall and/or the security company which Dover Mall retained to supply security services at the Dover Mall had an agreement or arrangement with the City of Dover, Delaware (hereinafter "Dover") where Dover, for a fee, would sent its police officers to provide protection and security services at the Dover Mall. Pursuant to that agreement or arrangement, the Dover police officers acted as agents for the Dover Mall and/or Defendant Valor. (Complaint ¶¶ 8, 9, 66)

2

While acting as the agents of the Dover Mall and/or Defendant Valor, on March 19, 2004, two Dover police officers (Defendants Officer Edward K. Hester and Officer Timothy D. Mutter, hereinafter "Hester" and "Mutter") illegally detained, immobilized, handcuffed, tackled, sprayed with mace, arrested and imprisoned Mr. Upchurch.  (Complaint ¶¶8-14)

An agent of the Dover Mall and of Defendant Valor, Defendant Widener acting in the course and in compliance with his agency, instigated the course of events which led to the illegal detention, arrest and imprisonment of Mr. Upchurch by the Dover police officers as well as their use of illegal and excessive force during that arrest.  Defendant Widener, acting on behalf of his principals, Defendant Valor and Dover Mall, directed the Dover police officers to investigate and/or detain, arrest and imprison Mr. Upchurch without probable cause.  (Complaint ¶¶65-84, 96-99, 107)

As a result of the illegal detention and arrest and the use of excessive force during the arrest, Mr. Upchurch suffered severe physical, mental and emotional injuries, including, severe back strain and exacerbation of pre-existing spinal and knee injuries, damage to his spinal stimulator implant, pain and numbness in hands and wrists, strain and tear of ligaments in his shoulder, fractured left shoulder, and strain and sprain of his right thumb.  (Complaint ¶¶30-45)

## III.    STANDARD OF REVIEW

When considering a Motion under F.R.C.P. 12(b)(6), the Court is required "to accept as true all of the allegations in the Complaint and all reasonable inferences that can be drawn therefrom and view them in the light most favorable to the Plaintiff."  Morse v. Lower Marion School District, 132 F.3d 902, 906 (3d Cir. 1997).  "A Rule 12(b)(6) motion should be granted 'if it appears to a certainty that no relief could be granted under any set of facts which could be

proved'." Morse , *supra*, at 906 quoting D.P. Enter, Inc. v. Bucks County Community College, 725 F.2d 943, 944 (3d Cir. 1984)

The consideration of the Motion should be limited to the matters set forth in the Complaint. Here, Dover Mall attempts to go beyond the Complaint and circumvent Rule 12(b)(6) by attaching to its Memorandum of Law what is purportedly a copy of a contract between Dover Mall and Defendant Valor, for the provision of security services. By relying upon this purported contract, Defendants Dover Mall and Valor demonstrate the claims against them cannot be dismissed on the pleadings. Only through the discovery process can all of the pertinent facts be obtained. Defendants may have been expecting the Court, in its discretion, to convert their 12(b)(6) Motion into a Motion for Summary Judgment by the reliance upon the purported contract. (See Morse, *supra*, 132 F.3d at 905, footnote 3.) Defendants are apparently attempting to circumvent this Court's Scheduling Order which prohibits the filing of Summary Judgments more than ten (10) days before the October 20, 2006 deadline. On these bases alone, it is clear the 12(b)(6) Motion should be denied.

In any event, Dover Mall's reliance upon the purported contract to prove Defendant Valor is an independent contractor is misplaced. The contract actually creates issues of fact as to whether Dover Mall retained sufficient control over Valor's security services as to be potentially liable for Valor's acts. For example, contract provision 2.5 gives Dover Mall the right to require Valor to suspend and/or fire Valor employees. Contract provision 2.11 requires Valor employees to comply with a set of rules of conduct developed by Dover Mall. Article V of the contract permits Dover Mall to give Valor instructions as to the services Valor is to perform and monitor compliance with those instructions. Contract provision 7.1 requires Valor to perform its services

4

in compliance with Dover Mall's work site security procedures and policy. In short, the contract does not conclusively establish Dover Mall had no responsibility for the actions of Widener, Hester or Mutter. Moreover, it is clear the contract does nothing to insulate Valor from liability. Dover Mall relies upon the contract to argue that Valor, not Dover Mall, may be liable to Plaintiffs. Valor's incorporation of the arguments Dover Mall makes in reliance upon the contract is, at best, puzzling.

## IV.   PLAINTIFFS HAVE STATED A CLAIM AGAINST DOVER MALL UNDER 42 U.S.C. §1983.

The Complaint alleges Dover Mall, either directly or through its agent, Valor, had an agreement or arrangement with the Dover police whereby the police would aid in the provision of security services at the Mall. It also alleges that on March 19, 2004 an agent of Dover Mall, Defendant Widener, instigated a process which resulted in his requesting two Dover police officers to unlawfully detain Mr. Upchurch. This is clearly an adequate pleading of a cause of action under 42 U.S.C.§1983 against Dover Mall and Valor.

Dover Mall, relying on two federal cases, Lewis v. J.C. Penney Company, Inc. 948 F.Supp 367 (D.Del 1996) and Cruz v. Donnelly, 727 F.2d 79 (3d Cir. 1984) contends Plaintiffs did not adequately allege that there was a prearranged plan between the Dover police and the Mall, where the police would arrest anyone identified as a shoplifter without independently evaluating probable cause. Dover Mall's reliance upon these two cases is clearly misplaced. Neither Lewis nor Cruz were decisions made without any record being provided to the Court through discovery. In both cases, the Section 1983 claim against private entities were dismissed on Summary Judgment after discovery was completed. Further, to the extent Cruz made an evaluation of the allegations of the complaint in that case, that evaluation was made under a "heightened

specificity" requirement for Section 1983 pleadings which has since been rejected.  As the Third Circuit recognized in <u>Alston v. Parker</u> 363 F.3d 229, 232, 233 (3d Cir. 2004), "although once enforced in several Circuits, including ours, the fact pleading requirement for civil rights complaints has been rejected by the Supreme Court in no uncertain terms."  *Citing* <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u> 507 U.S. 163, 168 (1993).

The <u>Lewis</u> and <u>Cruz</u> cases seem to announce a special rule where an individual is arrested for shoplifting.  The rule in these cases should not be applied in all situations where governmental agents act in concert with private entities to deprive an individual of some constitutionally protected right.  Citing the United States Supreme Court decision in <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922, 937 (1982) the Court in <u>Cruz</u> described the two-pronged test to determine when actions of a private entity are fairly attributable to the State as follows:

> "First, deprivation must be caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the State or by a person for whom the State is responsible… Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor.  This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State."

<u>Cruz</u> 727 F.2d at 81.  *See also* <u>Crissman v. Dover Downs Entertainment, Inc.</u> 289 F.3d 231, 240, 241 (3d Cir. 2001) (holding that there can be state action by a private entity if there is a symbiotic relationship between the two or if there is such a close involvement and interdependence between the pubic and private actors that the challenged activity is fairly attributable to the State).  <u>Angelico v. Lehigh Valley Hospital, Inc.</u>, 184 F.3d 268, 277, 278 (3d Cir. 1999) (holding a private entity or person may be considered a state actor when it or he acted together with or obtained significant aid from state officials, contributing to a constitutional

deprivation by, for example, authorizing state officers to invoke the force of law on a private person's request); <u>Groom v. Safeway, Inc.</u>, 973 F.Supp 987, 991 (W.D. Washington 1997)(the District Court in Washington, in a case similar to the present action, holding where an armed and in-uniform off-duty police officer who had an employment relationship with a private store there was created an overlapping identify and interest sufficiently involving the state so as to make the store a state actor.)  In the present case, the Complaint adequately sets forth an interrelationship among Dover Mall, Valor and the Dover police to sate a §1983 cause of action against the private entity Defendants.

Dover Mall also argues that even if there is an adequate relationship between Valor and the Dover police to create Section 1983 liability on behalf of Valor, there is no indication in the Complaint that Dover Mall shares that responsibility with Valor.  This argument relies upon Dover Mall's interpretation of the contract attached to its Memorandum of Law as Exhibit "B".  That contract at best creates a question of fact as to whether Dover Mall retains sufficient control over Valor's employees such that they must be considered agents, not only of Valor, but also of Dover Mall.

Plaintiffs' Complaint alleges Valor's employee, Defendant Widener, was an agent not only of Valor, but also of Dover Mall and that he instigated the process by which the Dover police illegally detained and arrested Mr. Upchurch.  The Complaint also alleges Valor and/or the Dover Mall created the arrangement with the Dover police force to have Dover police officers present at the Mall for the provision of security services.  The Complaint clearly alleges a valid cause of action against Dover Mall under 42 <u>U.S.C.</u> § 1983.

The Court should allow the parties to undertake discovery to fully explore the factual matters upon which Plaintiffs' Complaint is based.  As the Third Circuit noted in Alston v. Parker, *supra*,

> "…a plaintiff need not plead facts.  To withstand a 12(b)(6) motion, a plaintiff need only make out a claim upon which relief can be granted. If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules. …  The need for discovery before testing a complaint for factual sufficiency is particularly acute for civil rights plaintiffs, who often face informational disadvantages."

Alston, *supra*, 363 F.3d at 234, footnote 6.

Even if Plaintiffs' Complaint is technically defective, the Plaintiff should be given the opportunity to amend the Complaint before dismissal in order to cure those technical defects.  In Alston, the Court stated, "We have held that even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court  must permit a curative amendment, unless an amendment would be inequitable or futile."  Alston, *supra*, 363 F.3d at 235.  *See also* Colburn v. Upper Darby Township, 838 F.2d 663 (3d Cir. 1988)(holding a plaintiff should be given an opportunity to amend a technically defective complaint even when at the time Court was applying the heightened specificity standard in Section 1983 cases which has since been rejected.)

## V.    PLAINTIFFS HAVE ADEQUATELY SET FORTH STATE LAW CLAIMS AGAINST DOVER MALL

The Complaint alleges that Defendant Widener and the police officers were agents of both Dover Mall and Defendant Valor.  Dover Mall now asserts Valor and its employees are

independent contractors and Dover is not liable for any of the torts they may have committed.[2] As stated, *infra*, Dover Mall relies heavily upon the purported contract between it and Valor to support this argument.

Dover Mall's argument itself demonstrates Plaintiffs' claim is not subject to dismissal under Rule 12(b)(6). Defendant Dover Mall is forced to go beyond the pleadings in order to make its argument. On that basis alone, a Motion to Dismiss under 12(b)(6) should be denied.

It is well recognized, even in the cases cited by Dover Mall, that the determination of whether an individual is indeed an independent contractor or an agent is a highly fact specific inquiry. The determination of whether an actor is an agent or servant or a true independent contractor, is ordinarily made by the finder of fact. Fisher v. Townsends, Inc., 695 A.2d 53, 59 (Del. 1997). In Fisher, the Delaware Supreme Court stated, "In determining a worker's status, 'the formal contract between the parties may not indicate the relationship which existed in actual practice between the parties'. *Id.* Therefore, the 'label by which parties to a relationship designate themselves is not controlling.'". Citing Singleton v. International Dairy Queen, Inc.. 332 A.2d 160, 163 (Del.Super. 1975). Thus, in the case relied upon by Dover Mall, the Delaware Supreme Court recognized that Summary Judgment was inappropriate when there were disputes of fact as to whether or not the Defendant retained such control over a purported independent contractor that it would be liable for the purported independent contractor's actions. Because such a determination can not even be made after discovery on a Motion for Summary Judgment, it is clearly inappropriate for the Court to make that determination on a Motion to Dismiss where the allegations of the pleadings must be accepted as true. *See also* Vandiest v. Santiago, 2004 WL

---

[2] It is unclear upon what basis Valor believes an incorporation of this argument in any way could support its belated joinder of Dover Mall's 12(b)(6) Motion.

3030014 (Del. Super. December 9, 2004)(copy attached)(the Court holding that determinations of whether an individual is an independent contractor or a dual agent because of an owner's control over the individual's actions are fact specific and to be decided on a case by case basis by the fact finder.)

Even if the contract attached to Dover Mall's Memorandum as Exhibit "B" is considered by the Court, it is clear there are factual issues as to the extent of control Dover Mall exercised over Valor and its employees in the provision of security services at the Mall. As set forth, *infra*, various provisions of the contract give Dover Mall the right to terminate the employment of Valor's employees, impose a code of conduct, provide instructions and inspections and monitor compliance with security procedures at the Mall. All of this indicates a degree of control indicating liability of Dover Mall for the actions of Valor and Valor's employees.

The Defendants' 12(b)(6) Motions are without merit and must be denied.

BIGGS AND BATTAGLIA

/s/ Victor F. Battaglia
Victor F. Battaglia (ID #156)
Philip B. Bartoshesky (ID#2056)
9210 Orange Street
PO Box 1589
Wilmington, DE 19899-1489
(302) 655-9677
VictorSr@batlaw.com
Pbarto@batlaw.com
Attorneys for Plaintiffs.

Date:  January 26, 2006

# CERTIFICATE OF SERVICE

I, Philip B. Bartoshesky, Esquire, do hereby certify that on January 26, 2006 one true and correct copy of **PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO MOTIONS TO DISMISS OF DOVER MALL, VALOR SECURITY AND DANIEL WIDENER** was e-filed and forwarded via electronic filing to the following:

Daniel A. Griffith, Esquire
Marshall Dennehy Warner Coleman & Goggin
1220 North Market Street, Suite 500
Wilmington, DE 19801
*Attorney for Defendants City of Dover, Hester and Mutter*

Michael L. Sensor, Esquire
Perry & Sensor
Suite 560, First Federal Plaza
Wilmington, DE 19801
*Attorney for Defendants SMS Holdings, Corp. and Widener*

Peter C. Hughes, Esquire
Dilworth Paxon, LLP
First Federal Plaza, Suite 500
Wilmington, DE 19801
*Attorney for Defendant Dover Mall L.P.*

BIGGS AND BATTAGLIA

/s/ Philip B. Bartoshesky
Philip B. Bartoshesky, Esquire
921 Orange Street
P.O. Box 1489
Wilmington DE 19899-1489
(302) 655-9677
Pbarto@batlaw.com
Attorney for Plaintiffs

11