## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT ANDREW UPCHURCH and<br>ISA UPCHURCH, his wife,<br><br>        Plaintiffs,<br><br>v.<br><br>OFFICER EDWARD K. HESTER, in his<br>official and personal capacity; OFFICER<br>TIMOTHY D. MUTTER, in his official<br>and personal capacity; CITY OF DOVER,<br>a political subdivision of Kent County,<br>Delaware; THE MILLS CORPORATION<br>d/b/a DOVER MALL; SMS HOLDINGS<br>CORPORATION d/b/a VALOR<br>SECURITY SERVICES; and DANIEL<br>WIDENER,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No. 05-252 JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1) OF DEFENDANTS
SMS HOLDINGS CORPORATION d/b/a VALOR SECURITY SERVICES
AND DANIEL WIDENER**

    (A)    The name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of the information.

**ANSWER:**

        (1)    Defendant Daniel Widener, c/o Michael L. Sensor, Esquire. Mr. Widener was Valor Security Service's Account Manager on duty at the Dover Mall at the time of the incident alleged in the Complaint. Mr. Widener has knowledge of the facts alleged in the Complaint pertaining to his actions, as well as Mr. Upchurch's repeated refusal to leave the premises of the Dover Mall after being told the Mall was closed.

        (2)    Ms. Ann Bourne, c/o Michael L. Sensor, Esquire. Ms. Bourne is the Loss Control Analyst for SMS Holdings Corporation and has knowledge of some of the facts alleged in the Complaint.

    (3) Mr. Gregory McCoy, Dover Mall. Mr. McCoy was the Assistant Manager on duty at the Dover Mall at the time of the incident. Mr. McCoy may have access to the Daily Activity Reports which may set forth facts surrounding the incident alleged in the Complaint.

  (B) A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed facts alleged with particularity in the pleadings.

**ANSWER:**

    (1) Photocopy of the file maintained by the Court of Common Pleas for Kent County, Delaware in *State of Delaware v. Robert A. Upchurch*, Case No. 0403916114.

    (2) Transcript of trial testimony on May 18, 2004 before the Honorable Merrill C. Trader of the Court of Common Pleas for Kent County, Delaware in *State of Delaware v. Robert A. Upchurch*, Case No. 0403916114.

    (3) Documents obtained by answering defendants from the Industrial Accident Board's file in *Robert Upchurch, Claimant v. Howard Joseph, Inc./Portable Buildings, Employer,* IAB No. 1049037, pertaining to a work-related accident on January 20, 1995.

    (4) Medical records and other documents supplied by plaintiffs' counsel concerning Mr. Upchurch's pre-existing work-related injuries and related litigation before the Industrial Accident Board pertaining to a work-related accident on January 20, 1995:

**Deposition Transcripts**

1. Deposition of Dr. Eugene Godfrey dated 9/13/00;
2. Deposition of Dr. John B. Townsend, III dated 9/26/00.

**Bills**

1. Bills from Dr. Glen D. Rowe for treatment between 2/8/02 and 11/18/04;
2. Bill from Dr. DeGroot for treatment between 1/6/93 and 10/17/96.

**Pre-Existing Records**

| | | |
|---|---|---|
| 1. | Henry DeGroot, III, M.D. (OV rex) | 8/6/93 – 10/21/96 |
| 2. | Peter Townsend, M.D. (Ortho. Consult.) | 9/27/93 |
| 3. | Operative Report (index finger & palm) | 10/4/93 |
| 4. | Smith & Brown, P.A. (PT notes) | 3/22/96 – 6/24/96 |
| 5. | X-ray – knee | 7/9/96 |
| 6. | John B. Townsend, III, M.D. (Re-eval Rpts.) | 12/31/96 & 12/4/98 |

|  |  |  |
|---|---|---|
| 7. | Peter Coveleski, D.O. (Prog. notes) | 1/12/99 – 5/5/99 |
| 8. | Robert J. Varipapa, M.D. (prescriptions) | 3/4/99 & 3/5/99 |
| 9. | Baker Therapy & Rehab. – (funct. test) | 5/20/99 |
| 10. | John T. Hogan, M.D. (re-eval. rpt.) | 9/21/99 |
| 11. | Glen D. Rowe, D.O. (OV records) | 10/4/99 – 8/8/02 |
| 12. | Barker Therapy & Rehab. (rpt. & notes) | 11/4/99 & 4/3/00 |
| 13. | Operative Report – L knee | 3/7/00 |
| 14. | Kent General Hosp. (body fluid cultures) | 9/19/00 – 8/8/02 |
| 15. | MRI – L knee | 9/27/00 |
| 16. | CT scan – L knee | 3/7/02 |
| 17. | Asit P. Upadhyay, D.O. (Initial Consultation) | 6/10/02 |

(5) Medical records supplied by plaintiff's counsel concerning the injuries allegedly sustained by plaintiff in the incident alleged in the Complaint:

|  |  |  |
|---|---|---|
| 1. | Glen D. Rowe, M.D. (OV records) | 3/23/04 and 11/18/04 |
| 2. | CT scan – left shoulder | 5/11/04 |
| 3. | Arthrogram/X-rays (L & R shoulders) | 7/7/04 |
| 4. | Brown & Associates (init. evaluation & rpts) | 8/31/04 and 10/5/04 |
| 5. | CT scan (L shoulder ) | 11/26/04 |

(6) "Security Services Agreement" dated January 1, 2004 by and between MillsServices Corp., Management Associates Limited Partnership and Milpitas MSC, L.L.C., and Mydatt Security Services Inc., d/b/a Valor Security Services.

(7) Index Inquiry Form received from Harleysville Insurance Company concerning Mr. Upchurch's pre-existing work-related accident of January 20, 1995.

(C) A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

**ANSWER:**

Not applicable as to answering defendants.

(D) For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**ANSWER:**

At the time of the incident alleged in the Complaint, defendant SMS Holdings Corporation was insured by a policy of commercial general liability insurance issued by Lexington Insurance Company under policy number 743251 with limits of $1 million per person/$2 million per occurrence, said policy having a $75,000.00 self-insured retention. A copy of this policy has been requested and will be produced when available.

**PERRY & SENSOR**

By: /s/   Michael L. Sensor
    Michael L. Sensor, Esquire
    Delaware Bar ID No. 3541
    Suite 560, First Federal Plaza
    P.O. Box 1568
    Wilmington, DE 19899-1568
    Telephone: (302) 655-4482
    Attorney for Defendants SMS Holdings Corporation d/b/a Valor Security Services and Daniel Widener

Dated: January 27, 2006

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 27, 2006, he electronically filed the following document with the Clerk of Court using CM/ECF which will send notification of such filing to the following persons, counsel of record for all parties:

**DOCUMENT:**

Initial Disclosures Pursuant to FED. R. CIV. P. 26(A)(1) of Defendants SMS Holdings Corporation d/b/a Valor Security Services and Daniel Widener

**RECIPIENTS:**

Victor F. Battaglia, Sr., Esquire
Biggs & Battaglia
921 North Orange Street
P. O. Box 1489
Wilmington, DE 19899-1489

Daniel A. Griffith, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
1220 North Market Street, 5th Floor
P. O. Box 8888
Wilmington DE 19899-0130

Jay E. Kagan, Esquire
Dilworth Paxson, LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia PA 19103-7595

                  PERRY & SENSOR

              By: /s/   Michael L. Sensor
                Michael L. Sensor, Esquire
                Delaware Bar ID No.  3541
                Suite 560, First Federal Plaza
                P.O. Box 1568
                Wilmington, DE 19899-1568
                Telephone: (302) 655-4482
                Attorney for Defendants SMS Holdings Corporation d/b/a Valor Security Services and Daniel Widener

Dated: January 27, 2006