IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT ANDREW UPCHURCH and ISA UPCHURCH, his wife,<br><br>Plaintiffs,<br><br>v.<br><br>OFFICER EDWARD K. HESTER, in his official and personal capacity, OFFICER TIMOTHY D. MUTTER, in his official and personal capacity, CITY OF DOVER, a political subdivision of Kent County, Delaware, THE MILLS CORPORATION, d/b/a DOVER MALL, SMS HOLDINGS CORPORATION d/b/a VALOR SECURITY SERVICES, and DANIEL WIDENER,<br><br>Defendant. | § § § § § § § § § § § § § § § § § § § §<br><br>C. A. No. 05-252 JJF<br><br><br>Jury Trial Demanded |

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS OFFICER EDWARD K. HESTER, OFFICER TIMOHY D. MUTTER AND THE CITY OF DOVER**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs request that Defendants Officer Edward K. Hester, Officer Timothy D. Mutter and City of Dover produce the following documents for inspection and copying.

**DEFINITIONS AND INSTRUCTIONS**

A.  The terms "document" or "documents" shall mean any written, recorded, filmed, or graphic matter, whether produced, reproduced or on paper, cards, tapes, film, electronic facsimile, computer storage devices or any other media, including but not limited to, memoranda, notes, minutes, records, employment files, job assignments, job postings, applications or requests for promotions or job assignments, case files, pleadings, photographs, films, videotapes, reels, slides, correspondence, telegrams, diaries, bookkeeping entries, financial statements, tax returns,

checks, check stubs, reports, studies, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, E-mails, appointment calendars, notes, records and recordings of oral conversations, work papers, and also including but not limited to, originals, drafts and all copies which are different in any way from the original whether by interlineations, receipt stamp, notation, indication of copies sent or received, or otherwise.

   B.  The terms "you," "your" and "yourself" refer to Defendants and/or any agent or representative acting on behalf of Defendants.

   C.  The term "Plaintiff" refers to Defendants and/or any agent or representative acting on behalf of Defendants.

   D.  The term "Defendants" refers to Defendants Officer Edward K. Hester, Officer Timothy D. Mutter and City of Dover.

   E.  If you object to producing any of the documents listed below, you should so state and specify the document or documents to which the objection applies. If you withhold the production of any of the documents requested below on grounds that the document, or information contained in the document, is subject to one or more privileges, or that the document or information contained in the document constitutes attorney work product, state the privilege claim or claims for each document expressly and describe the nature of the documents not produced in a manner that, without revealing the privileged or protected information, will enable other parties to assess the applicability of the privilege or protection.

## DOCUMENTS TO BE PRODUCED

1. Any document, audiotape, videotape or electronically stored data, including computer files referred to or relied upon in Defendants' Rule 26 Disclosures.

**RESPONSE:**


2. Any document, audiotape, videotape or electronically stored data, including computer files referred to or relied upon in Plaintiffs' First Set of Interrogatories Directed to Officers Edward K. Hester and Timothy D. Mutter and the City of Dover.

**RESPONSE:**

3. The personnel files of Defendants Hester and Mutter.

**RESPONSE:**


4. Any investigatory file relating in any way to the offense on March 19, 2004 which lead to the arrest and charges brought against Robert Upchurch.

**RESPONSE:**

                                BIGGS AND BATTAGLIA

                                /s/ Philip B. Bartoshesky (#2056)
                                Philip B. Bartoshesky, Esquire
                                921 Orange Street
                                P.O. Box 1489
                                Wilmington DE 19899-1489
                                (302) 655-9677
                                Pbarto@batlaw.com
                                Attorney for Plaintiffs

Date:  March 20, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT ANDREW UPCHURCH and ISA UPCHURCH, his wife, | § § § | |
| Plaintiffs, | § § | C. A. No. 05-252 JJF |
| v. | § § | |
| OFFICER EDWARD K. HESTER, in his official and personal capacity, OFFICER TIMOTHY D. MUTTER, in his official and personal capacity, CITY OF DOVER, a political subdivision of Kent County, Delaware, THE MILLS CORPORATION, d/b/a DOVER MALL, SMS HOLDINGS CORPORATION d/b/a VALOR SECURITY SERVICES, and DANIEL WIDENER, | § § § § § § § § § § | <u>Jury Trial Demanded</u> |
| Defendant. | § | |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANTS OFFICER EDWARD K. HESTER, OFFICER TIMOTHY D. MUTTER <u>AND THE CITY OF DOVER</u>**

Plaintiffs, Robert Andrew Upchurch and Isa Upchurch, by and through their undersigned counsel, request Defendants, Officer Edward K. Hester, Officer Timothy D. Mutter and City of Dover, answer under oath the following interrogatories within the time required by Federal Rules of Civil Procedure, Rule 33.

<u>INSTRUCTIONS AND DEFINITIONS</u>

Please follow these instructions and use the following directions in answering these interrogatories.  Any term or word which is not defined herein is to be interpreted in its usual and customary meaning as defined in the Random House Webster's College Dictionary, copyright, 1991 by Random House, Inc.

1. Each of the following interrogatories shall be answered separately and fully in writing. These answers shall be signed and verified by the person making them. Objections, if any, shall be signed by the attorney making them.

2. Where knowledge or information in possession of a party is requested, such request contemplates and includes knowledge of the party's agents, employees, servants, accountants, attorneys (unless privileged), or other persons acting or purporting to act on behalf of the party to whom these interrogatories are addressed, unless otherwise indicated. You must make inquiries of your agents, employees, servants, accountants, attorneys or other persons acting or purporting to act on behalf of the party to whom these interrogatories are addressed whenever such inquiry is necessary to enable you to answer these interrogatories completely and accurately.

3. When, after a reasonable and thorough investigation, you are unable to answer any interrogatory, or any part thereof, because of lack of information available to you, specify in full and complete detail the reason the information is not available to you and what has been done to locate such information. In addition, specify what knowledge or belief you have concerning the unanswered portion of the interrogatory and set forth the facts by which such knowledge or belief is based.

4. Where an interrogatory does not specifically request a particular fact, but where such fact or facts are necessary to make the answer to the interrogatory either comprehensible, complete, or not misleading, you are requested to include such fact or facts as part of the answer, and the interrogatory shall be deemed to specifically request such fact or facts.

5. If, in answering these interrogatories, you encounter a ambiguity, in any question, instruction, or definition, set forth the matter deemed ambiguous and to your fullest ability and state your interpretation you in answering.

6. If you assert a privilege, such as work product immunity, or decline to provide an answer on the basis of some other objection, please:

    a. Identify and describe the document or communication in question;

    b. Describe the basis for the asserted privilege or objection;

    c. Identify every person to whom the document was sent, and every person present when the communication was made;

    d. Identify the present custodian of the document, if any.

Include sufficient facts for the Court to make full determination of whether the claim or objection is valid.

7. Unless otherwise indicated, these interrogatories refer to the times, places and circumstances of the occurrences mentioned or complained of in plaintiff's Complaint and defendants' Answer.

8. The term "document" means any medium in which information or intelligence can be recorded or retrieved, and includes, without limitation, the original or copy, regardless of the origin and location, of any book, pamphlet, periodical, letter or memorandum, (including any memorandum or report of a meeting or conversation), invoice, bill, order, form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, record, contact, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing sketch, graph, index, list, tape, photograph, microfilm, data sheet, or data processing card, or any

other written record recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is or was in your possession, custody or control.

    9.    The term "communication" means any oral or written utterance, document, notation or statement of any nature whatsoever between or among two or more persons, by or to whomever made.  This term specifically includes without limitation correspondence, documents, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings.

    10.    The word "identify", or words of similar import, when used in reference to:

    a.    A natural individual requires you to state his or her full name, and then present or last known residential address, business address, and telephone number;

    b.    A business or other corporation requires you to state the full name or style under which the business is conducted, or doing business, its business address, its telephone numbers, and the identity of the person(s) who own, operate, and control the business;

    c.    A document requires you to state the title, its date, the names of its authors and recipients, and its present or last know location and custodian, including documents prepared subsequent to any time period;

    d.    A communication requires you to identify any documents which refer to or evidence the communication, and, if any part of the communication was not written, to identify the person participating in or otherwise present during all or part of the communication and describe the substance thereof.

    11.    When an interrogatory requires you to "describe", to "state the basis of", or to "state the facts" on which you rely to support a particular claim, contention, or allegation, state in

your answer each and every fact and identify each and every communication(s) or document(s) which you contend supports, refers to, or evidences such claim, contention, or allegation. When an interrogatory requires you otherwise to describe or state the facts relating to any particular set of circumstances, act, event, transaction, occurrence, meeting, purchase, sale, agreement, contract, venture, relationship, conversation, representation, communication, or an item of information state briefly in your answer the facts (including dates and places and the identify of those involved) relating to such transaction, occurrence, relationship, set of circumstances, etc.; identify any persons who are or were parties thereto or have knowledge thereof; and identify any communications and documents relating to or evidencing such transaction, occurrence, relationship, set of circumstances, etc.

12.    These interrogatories shall be deemed to be continuing, so as to require supplemental answers if defendant obtains further information between the time answers are served and the time of trial.

13.    The terms "you," "your," and "yourself" refer to Defendants Officer Edward K. Hester, Officer Timothy D. Mutter and City of Dover and any agent or representative acting on their behalf.

## SPECIFIC INTERROGATORIES

1.    State the full name, address for the last three years and social security number of Officers Hester and Mutter.

**ANSWER:**

2. Describe the educational background of Officers Hester and Mutter from (and including) high school through the present and include:

    a. The degree or diploma received; and

    b. The times, dates and description of any training courses relating to law enforcement.

**ANSWER:**

3. State the name, address and phone numbers of each employer Defendants Hester and Mutter have had since the year 1999 and include:

    a. The dates of employment; and

    b. The reason for the termination of that employment.

**ANSWER:**

4. Describe whether (a) Officer Hester; (b) Officer Mutter and/or (c) the City of Dover have ever been the subject of a claim, complaint or accusation by any person who has asserted that the officer or the City violated their rights guaranteed under the Constitution due

to an unreasonable search and seizure and/or false arrest and/or battery and identify all documents which describe, refer to or relate to such complaint.

**ANSWER:**

5. Describe any documents in your possession, which describe, refer to or relate to the incident which is the subject of this lawsuit, including any document which was created as a result of the investigation of this incident by any agent, employer, employee, contractor, insurer or any other representative of the Defendant City of Dover.

**ANSWER:**

6. Describe any notebooks, logs or other writings or computer or electronic records which describe, schedule or record the day-to-day activities of Officers Mutter and Hester from January 1, 2004 through May 30, 2004.

**ANSWER:**

7.  Describe the training each individual member of the Dover City Police Department receives prior to and after becoming an employee of the police department, and include an identification of every document or other record, including any computer file or other electronic data base which sets forth the training which employees receive as described herein.

**ANSWER:**

8.  Identify, describe and state the current location of any video, audio, written or other record of the activities of Defendants Mutter and Hester on or about March 19, 2004, including any video, audio, written or other record depicting the events which are the subject of this lawsuit, including the arrest and/or detention of Plaintiff Robert Upchurch.

**ANSWER:**

9.  If there at one time existed any document, record or other item which would have been included in response to the previous interrogatory which has been destroyed or lost, please state:

    a.  The date the item was destroyed or lost;

    b.  The reason it was destroyed or lost; and

      c.      What the item contained.

**ANSWER:**

10. Describe in detail the procedure, policy or practice by which officers of the Dover police force are assigned to, offered the opportunity to, or are otherwise engaged to:

      a.      Patrol the Dover Mall;

      b.      Provide any form of police presence or security for the Dover Mall;

      c.      Perform any services for any entity while not on regular duty as a patrolman or officer for the City of Dover.

**ANSWER:**

11. With respect to the description of the policies and procedures or practices set forth in the previous interrogatory, state:

      a.      Whether the Dover Mall or other private entity provides payment or other form of reimbursement to either the City of Dover or the individual officers, and if so, the amount of payment or reimbursement, the manner in which the amount of reimbursement is determined;

  b. The exact nature of the relationship between private security agencies hired by the Dover Mall or other entity and the City of Dover and/or the individual officers; and

  c. Identify every writing, including any memoranda, schedule or any other document, including any document or in electronic or computer data form which describes the policy, practice or procedures and/or sets forth the schedule of the officers who have been assigned to or have chosen or have otherwise worked for the Dover Mall or any other private entity pursuant to those procedures or practices from January 1, 2004 through May 1, 2004.

**ANSWER:**

12. Describe how it came to be that Officers Mutter and Hester were at the Dover Mall on March 19, 2004 and include:

  a. A description of the policy, practice or procedure by which Defendants Hester and Mutter were assigned to or chose or were otherwise made available to be acting as police officers at the Dover Mall on or about March 19, 2004, including identification of all documents which describe, refer or relate to that policy, practice or procedure;

  b. The amount of pay Defendants Hester and Mutter received for working at the Dover Mall on March 19, 2004;

  c. The amount, if any, the City of Dover, or its police force, or Defendants Hester and Mutter received from the Dover Mall as consideration for their being at the Dover Mall on March 19, 2004.

**ANSWER:**

13. Describe in detail the events which occurred on March 19, 2004 which led to the detention, arrest and charges brought against Plaintiff Robert Upchurch and identify any document which refers to, describes or relates to these events.

**ANSWER:**

14. Describe the duties, responsibilities and authority of Defendants Hester and Mutter while working at the Dover Mall on March 19, 2004 and include:

   a. A description of the relationship between the Dover Mall, any private security agency retained by the Dover Mall or any business entity in the Dover Mall and the Defendants Hester and Mutter, including identification of any documents which describes, refers to or relates to that relationship.

**ANSWER:**

15. Describe the duties, responsibilities and authority of any City of Dover police officer not on regular duty, but performing services for a private entity or any other off duty services and set forth a description of any document, memoranda or other writing (including any electronically stored or computer filed data) which describes such duties, responsibility or authority.

**ANSWER:**

                                             BIGGS AND BATTAGLIA

                                             /s/ Philip B. Bartoshesky (#2056)
                                             Philip B. Bartoshesky, Esquire
                                             921 Orange Street
                                             P.O. Box 1489
                                             Wilmington DE 19899-1489
                                             (302) 655-9677
                                             Pbarto@batlaw.com
                                             Attorney for Plaintiffs

Date: March 20, 2006