**Email Message** **(Page 1 of 2)**

```
Subject: RE: re: Upchurch v. SMS d/b/a Valor Security - discovery
Date: Thu, 11 May 2006 09:28:38 -0400
From: "Griffith, Dan A." <DAGriffith@MDWCG.com>
To: "Phil Bartoshesky" <pbarto@batlaw.com>
Cc: "Work, John V." <JVWork@MDWCG.COM>
```

Phil:

I also apologize for the delinquency of the discovery responses of my clients - Officers Hester and Mutter as well as the Dover Police Department. This issue has risen to the very top of the pile on my desk and we are attempting to schedule a meeting ASAP with the officers to ensure the completeness of our discovery responses. My associate should have the meeting scheduled by the end of today (I would imagine that the meeting will take place some time next week) and I will keep you apprised. Again, my apologies.

Dan

-----Original Message-----
From: Phil Bartoshesky [mailto:pbarto@batlaw.com]
Sent: Wednesday, May 10, 2006 3:53 PM
To: Michael L. Sensor
Cc: Kagan, Esquire, Jay E.; Griffith, Dan A.
Subject: cc: re: Upchurch v. SMS d/b/a Valor Security - discovery

Mike. to confirm our telephone conversation, we will go forward with the depositions on the 15th as scheduled and you will respond to the outstanding discovery requests as soon as possible. By copy of this e-mail to counsel for the other defendants, from whom we have heard nothing, I am putting you on notice that we will file a Motion to Compel and request sanctions if discovery responses are not received by May 17.

Philip Bartoshesky
On Wednesday, May 10, 2006 11:02 AM, Michael L. Sensor wrote:
>
>Dear Phil:
>
>I received your letter of May 8, 2006. I apologize for the lateness of
>our discovery responses. Obviously, this slipped through the cracks for

>me.
>
>I am working hard to get complete responses quickly, and I expect to
>have them soon, but I cannot meet your deadline of the close of
>business on May 11. For one thing, the DSBA Worker's Compensation
>seminar is tomorrow, and I will be out of the office most of the day
attending it.
>I am then scheduled to be out of the office all day May 12 for
business.
>
>Also, I question whether you can unilaterally cancel the plaintiffs'
>depositions. Quite honestly, I don't see what the plaintiffs'
>depositions have to do with this outstanding discovery.
>
>D.Del. LR 7.1.1 requires all parties to make a good-faith attempt to
>resolve disputed issues before going to the Court for relief. I think
>unilaterally cancelling the plaintiffs' depositions would violate that
>requirement.
>
>Here is what I propose for defendants SMS/Valor and Widener. I should
>be able to have complete responses to you by May 17 at the latest. We

```
>will proceed with the plaintiffs' depositions with that understanding.
>
>Please let me know if this is acceptable to you. Again, I apologize for
>the delay.
>
>MLS
>
>
>-----------------------
>Michael L. Sensor, Esquire
>PERRY & SENSOR
>One Customs House, Suite 560
>P.O. Box 1568
>Wilmington, DE 19899-1568
>Telephone: (302) 655-4482
>Telecopier: (302) 655-4043
>Electronic Mail: msensor@perry-sensor.com
>
>The recipient is hereby notified that this electronic mail message
>contains privileged and confidential information.  If you are not the
>intended recipient of this message, you are warned that unauthorized
>disclosure of or reliance upon the information contained herein is
>prohibited.  In this event, please contact the sender immediately,
>collect if necessary, to arrange the return of these materials via U.S.
>mail.  You will be reimbursed for postage and/or telephone charges.
>
>-----------------------
>IRS Circular 230 Disclosure: To comply with certain U.S. Treasury
>regulations, we inform you that, unless expressly stated otherwise, any
>U.S. federal tax advice contained in this communication, including
>attachments, was not intended or written to be used, and cannot be
>used, by any taxpayer for the purpose of avoiding any penalties that
>may be imposed on such taxpayer by the Internal Revenue Service.  In
>addition, if any such tax advice is used or referred to by other
>parties in promoting, marketing or recommending any partnership or
>other entity, investment plan or arrangement, then (i) the advice
>should be construed as written in connection with the promotion or
>marketing by others of the transaction(s) or matter(s) addressed in
>this communication and (ii) the taxpayer should seek advice based on
>the taxpayer's particular circumstances from an independent tax
advisor.
```

## BIGGS AND BATTAGLIA
### ATTORNEYS AT LAW

VICTOR F. BATTAGLIA
ROBERT D. GOLDBERG
PHILIP B. BARTOSHESKY
VICTOR F. BATTAGLIA, JR.
STEVEN F. MONES

921 NORTH ORANGE STREET
P.O. BOX 1489
WILMINGTON, DELAWARE 19899
(302) 655-9677
TELECOPIER (302) 655-7924
Writer's e-mail: Pbarto@batlaw.com

OF COUNSEL
JOHN BIGGS III
GERARD P. KAVANAUGH, SR.
S. BERNARD ABLEMAN

May 8, 2006

Daniel A. Griffith, Esquire
Marshall Dennehy Warner Coleman & Goggin
1220 North Market Street, Suite 500
Wilmington, DE 19801

Peter C. Hughes, Esquire
Dilworth Paxon, LLP
First Federal Plaza, Suite 500
Wilmington, DE 19801

Jay E. Kagan, Esquire
Dilworth Paxon, LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103

Michael L. Sensor, Esq.
Perry & Sensor
First Federal Plaza, Suite 560
PO Box 1568
Wilmington, DE 19899-1568

Re: *Upchurch v. Hester, et al.*
C.A. No. 05-252 JJF

Dear Counsel:

Your responses to Plaintiffs' discovery requests are now more than two weeks overdue with no request for any kind of extension.

Please answer this discovery immediately. If we do not receive responses by the close of business, Thursday, May 11, 2006, we will have to consider not going forward with the Upchurchs' deposition now scheduled for May 15, 2006.

Very truly yours,

Philip B. Bartoshesky

PBB/fkb