IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT ANDREW UPCHURCH and ISA UPCHURCH, his wife, | § § § | |
| Plaintiffs, | § § | C. A. No. 05-252 JJF |
| v. | § § | |
| OFFICER EDWARD K. HESTER, in his official and personal capacity, OFFICER TIMOTHY D. MUTTER, in his official and personal capacity, CITY OF DOVER, a political subdivision of Kent County, Delaware, THE MILLS CORPORATION, d/b/a DOVER MALL, SMS HOLDINGS CORPORATION d/b/a VALOR SECURITY SERVICES, and DANIEL WIDENER, | § § § § § § § § § § § | <u>Jury Trial Demanded</u> |
| Defendant. | § | |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES DIRECTED TO
<u>DEFENDANT, THE MILLS PROPERTIES d/b/a DOVER MALL</u>**

Plaintiffs, Robert Andrew Upchurch and Isa Upchurch, by and through their undersigned counsel, request Defendant, The Mills Properties d/b/a Dover Mall, answer under oath the following interrogatories within the time required by Federal Rules of Civil Procedure, Rule 33.

<u>INSTRUCTIONS AND DEFINITIONS</u>

Please follow these instructions and use the following directions in answering these interrogatories. Any term or word which is not defined herein is to be interpreted in its usual and customary meaning as defined in the Random House Webster's College Dictionary, copyright, 1991 by Random House, Inc.

1.  Each of the following interrogatories shall be answered separately and fully in writing. These answers shall be signed and verified by the person making them. Objections, if any, shall be signed by the attorney making them.

2.  Where knowledge or information in possession of a party is requested, such request contemplates and includes knowledge of the party's agents, employees, servants, accountants, attorneys (unless privileged), or other persons acting or purporting to act on behalf of the party to whom these interrogatories are addressed, unless otherwise indicated. You must make inquiries of your agents, employees, servants, accountants, attorneys or other persons acting or purporting to act on behalf of the party to whom these interrogatories are addressed whenever such inquiry is necessary to enable you to answer these interrogatories completely and accurately.

3.  When, after a reasonable and thorough investigation, you are unable to answer any interrogatory, or any part thereof, because of lack of information available to you, specify in full and complete detail the reason the information is not available to you and what has been done to locate such information. In addition, specify what knowledge or belief you have concerning the unanswered portion of the interrogatory and set forth the facts by which such knowledge or belief is based.

4.  Where an interrogatory does not specifically request a particular fact, but where such fact or facts are necessary to make the answer to the interrogatory either comprehensible, complete, or not misleading, you are requested to include such fact or facts as part of the answer, and the interrogatory shall be deemed to specifically request such fact or facts.

5. If, in answering these interrogatories, you encounter a ambiguity, in any question, instruction, or definition, set forth the matter deemed ambiguous and to your fullest ability and state your interpretation you in answering.

6. If you assert a privilege, such as work product immunity, or decline to provide an answer on the basis of some other objection, please:

    a. Identify and describe the document or communication in question;

    b. Describe the basis for the asserted privilege or objection;

    c. Identify every person to whom the document was sent, and every person present when the communication was made;

    d. Identify the present custodian of the document, if any.

Include sufficient facts for the Court to make full determination of whether the claim or objection is valid.

7. Unless otherwise indicated, these interrogatories refer to the times, places and circumstances of the occurrences mentioned or complained of in plaintiff's Complaint and defendants' Answer.

8. The term "document" means any medium in which information or intelligence can be recorded or retrieved, and includes, without limitation, the original or copy, regardless of the origin and location, of any book, pamphlet, periodical, letter or memorandum, (including any memorandum or report of a meeting or conversation), invoice, bill, order, form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, record, contact, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing sketch, graph, index, list, tape, photograph, microfilm, data sheet, or data processing card, or any

other written record recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is or was in your possession, custody or control.

9. The term "communication" means any oral or written utterance, document, notation or statement of any nature whatsoever between or among two or more persons, by or to whomever made. This term specifically includes without limitation correspondence, documents, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings.

10. The word "identify", or words of similar import, when used in reference to:

   a. A natural individual requires you to state his or her full name, and then present or last known residential address, business address, and telephone number;

   b. A business or other corporation requires you to state the full name or style under which the business is conducted, or doing business, its business address, its telephone numbers, and the identity of the person(s) who own, operate, and control the business;

   c. A document requires you to state the title, its date, the names of its authors and recipients, and its present or last know location and custodian, including documents prepared subsequent to any time period;

   d. A communication requires you to identify any documents which refer to or evidence the communication, and, if any part of the communication was not written, to identify the person participating in or otherwise present during all or part of the communication and describe the substance thereof.

11. When an interrogatory requires you to "describe", to "state the basis of", or to "state the facts" on which you rely to support a particular claim, contention, or allegation, state in your answer each and every fact and identify each and every communication(s) or document(s)

which you contend supports, refers to, or evidences such claim, contention, or allegation. When an interrogatory requires you otherwise to describe or state the facts relating to any particular set of circumstances, act, event, transaction, occurrence, meeting, purchase, sale, agreement, contract, venture, relationship, conversation, representation, communication, or an item of information state briefly in your answer the facts (including dates and places and the identify of those involved) relating to such transaction, occurrence, relationship, set of circumstances, etc.; identify any persons who are or were parties thereto or have knowledge thereof; and identify any communications and documents relating to or evidencing such transaction, occurrence, relationship, set of circumstances, etc.

12.  These interrogatories shall be deemed to be continuing, so as to require supplemental answers if defendant obtains further information between the time answers are served and the time of trial.

13.  The terms "you," "your," and "yourself" refer to Defendant the Mills Properties d/b/a Dover Mall and any agent or representative acting on their behalf.

## SPECIFIC INTERROGATORIES

1.  State the name of all corporations, partnerships, limited liability companies, or any other business entity which owns, operates or has done business as the Dover Mall from January 1, 2004 through May 30, 2004 and include, the names and addresses of all individuals employed by any of those entities who act as agents of any of those entities, who are responsible for any aspect of the management of the Dover Mall.

**ANSWER:**

      2.      Set forth the hours of operation, and/or the hours which the Dover Mall is opened to the public from January 1, 2004 through May 30, 2004 and include:

      a.      The hours which the common areas of the Mall are open to the public;

      b.      The hours which any individual stores or other business operating at the Dover Mall are open to the public, if different than the hours in which the common areas are open to the public; and

      c.      Identify any document, sign, posting or other writing which sets forth the hours which the Dover Mall and/or any individual store or other business operating in the Mall is open to the public.

**ANSWER:**


      3.      Describe the measures which Answering Defendants have taken to ensure that individuals, whether members of the public or employees of the businesses operating at the Mall, are safe and secure.

**ANSWER:**


      4.      Identify the individuals who are agents or employees of Answering Defendants who had any responsibility for providing security and/or safety services at the Dover Mall and

identify any document which describes the responsibilities, duties or authority of those individuals.

**ANSWER:**

     5.     Describe any contract, agreement, or other arrangement by which the owners or operators of the Dover Mall had from the year 2000 to the present, obtained or engaged any entity to provide security services or safety services at the Dover Mall and include:

     a.     An identification of any document, contract, or any other writing, including any computer file or other electronically stored data which sets forth, describes or relates in any way to any contract, agreement or arrangement described in response to this interrogatory.

**ANSWER:**

     6.     Set forth in detail any communications, any agent, employee or other representative of the owners/operators of the Dover Mall have had with the City of Dover, its police department or any individual police officers with respect to having Dover police officers present and providing security services and/or a police presence at the Dover Mall on a regular basis and include identification of any document, memorandum, agreement or other writing

7

(including any computer file or other electronically stored data file) which sets forth, defines, relates to or refers to the contract, agreement or arrangement described herein.

**ANSWER:**

7.      Describe the agreement, contract or arrangement between the owners and operators of the Dover Mall and SMS Holdings Corporation and/or Valor Security Services and/or Daniel Widener and identify any document which sets forth, describes or in any other way relates to that relationship, agreement or contract.

**ANSWER:**

8.      Describe what is Answering Defendant's understanding of the events which took place on March 19, 2004 which resulted in the detention and arrest of Plaintiff Robert Upchurch.

**ANSWER:**

9.      Identify any document, memorandum, letter, or any other writing (including computer data file or other electronically stored data) and including any audio, video or any

other recording which sets forth, describes or depicts any of the events of March 19, 2004 relating to Plaintiff Robert Upchurch, Defendants Hester and/or Mutter and/or Defendant Daniel Widener.

**ANSWER:**

10. State the name, address and position of any individual who is an agent or employee of Answering Defendants who was responsible for:

   a. Negotiation of any agreement or arrangement with either Defendant SMS Holdings, Valor Security, Defendants Hester or Mutter or the City of Dover with respect to the provision of any security, safety or other services for the Dover Mall or any of the entities occupying the Dover Mall; and

   b. The monitoring of compliance by Defendant SMS Holding, Valor Security, Defendant Daniel Widener, Defendants Hester or Mutter or Defendant City of Dover, with any agreement, arrangement or obligation which any of those entities had for the provision of security or safety services at the Dover Mall.

**ANSWER:**

11. Identify any document, memorandum, table, checklist or other writing (including any computer file or other electronically stored data file) which sets forth, defines, describes or in

any way relates to the monitoring of compliance by Defendants SMS Holding, Valor Security, Defendants Widener, Mutter or Hester or the City of Dover, with any of their obligation to provide safety or security services at the Dover Mall.

**ANSWER:**



8. State whether any agent or employee of Answering Defendant or any other person or entity retained by Answering Defendants have undertaken any surveillance of Plaintiff Robert Upchurch or any member of his family since March 19, 2004 and if so, set forth in detail:

    a. The dates of such surveillance;

    b. The name, address and title or position of the individuals who have undertaken such surveillance;

    c. Identification of any document, letter, memoranda or other writing, or any video or audio recordings which describes, depicts, or in any way relates to such surveillance.

**ANSWER:**


                                                        **BIGGS AND BATTAGLIA**

                                                        /s/ Philip B. Bartoshesky (#2056)
Philip B. Bartoshesky, Esquire
921 Orange Street
P.O. Box 1489
Wilmington DE 19899-1489
(302) 655-9677
Pbarto@batlaw.com
Attorney for Plaintiffs

Date:  March 20, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT ANDREW UPCHURCH and ISA UPCHURCH, his wife, | § § § | |
| Plaintiffs, | § § | C. A. No. 05-252 JJF |
| v. | § § | |
| OFFICER EDWARD K. HESTER, in his official and personal capacity, OFFICER TIMOTHY D. MUTTER, in his official and personal capacity, CITY OF DOVER, a political subdivision of Kent County, Delaware, THE MILLS CORPORATION, d/b/a DOVER MALL, SMS HOLDINGS CORPORATION d/b/a VALOR SECURITY SERVICES, and DANIEL WIDENER, | § § § § § § § § § § | <u>Jury Trial Demanded</u> |
| Defendant. | § | |

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT THE MILLS CORPORATION d/b/a DOVER MALL**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs request that Defendant The Mills Corporation d/b/a Dover Mall produce the following documents for inspection and copying.

**DEFINITIONS AND INSTRUCTIONS**

A.   The terms "document" or "documents" shall mean any written, recorded, filmed, or graphic matter, whether produced, reproduced or on paper, cards, tapes, film, electronic facsimile, computer storage devices or any other media, including but not limited to, memoranda, notes, minutes, records, employment files, job assignments, job postings, applications or requests for promotions or job assignments, case files, pleadings, photographs, films, videotapes, reels, slides, correspondence, telegrams, diaries, bookkeeping entries, financial statements, tax returns,

11

checks, check stubs, reports, studies, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, E-mails, appointment calendars, notes, records and recordings of oral conversations, work papers, and also including but not limited to, originals, drafts and all copies which are different in any way from the original whether by interlineations, receipt stamp, notation, indication of copies sent or received, or otherwise.

  B. The terms "you," "your" and "yourself" refer to Defendants and/or any agent or representative acting on behalf of Defendants.

  C. The term "Plaintiff" refers to Defendants and/or any agent or representative acting on behalf of Defendants.

  D. The term "Defendants" refers to Defendant The Mills Property d/b/a Dover Mall.

  E. If you object to producing any of the documents listed below, you should so state and specify the document or documents to which the objection applies.  If you withhold the production of any of the documents requested below on grounds that the document, or information contained in the document, is subject to one or more privileges, or that the document or information contained in the document constitutes attorney work product, state the privilege claim or claims for each document expressly and describe the nature of the documents not produced in a manner that, without revealing the privileged or protected information, will enable other parties to assess the applicability of the privilege or protection.

## DOCUMENTS TO BE PRODUCED

  1. Any document, audiotape, videotape or electronically stored data, including computer files referred to or relied upon in Defendants' Rule 26 Disclosures.

**RESPONSE:**

2.	Any document, audiotape, videotape or electronically stored data, including computer files referred to or relied upon in Plaintiffs' First Set of Interrogatories Directed to The Mills Corporation d/b/a Dover Mall.

**RESPONSE:**

BIGGS AND BATTAGLIA

/s/ Philip B. Bartoshesky (#2056)
Philip B. Bartoshesky, Esquire
921 Orange Street
P.O. Box 1489
Wilmington DE 19899-1489
(302) 655-9677
Pbarto@batlaw.com
Attorney for Plaintiffs

Date:  March 20, 2006