IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROBERT ANDREW UPCHURCH and :
ISA UPCHURCH, :
　　　　　　　　　　　　　　　　　　:
　　　　Plaintiffs, :
　　　　　　　　　　　　　　　　　　:
　　v. : Civil Action No. 05-252-JJF
　　　　　　　　　　　　　　　　　　:
OFFICER EDWARD K. HESTER, :
OFFICER TIMOTHY D. MUTTER, :
CITY OF DOVER, THE MILLS :
CORPORATION, d/b/a DOVER MALL, :
SMS HOLDINGS CORPORATION d/b/a :
VALOR SECURITY SERVICES, and :
DANIEL WIDENER, :
　　　　　　　　　　　　　　　　　　:
　　　　Defendants.

Victor F. Battaglia, Esquire, and Philip B. Bartoshesky, Esquire,
of BIGGS AND BATTAGLIA, Wilmington, Delaware.
Attorneys for Plaintiffs.

Peter C. Hughes, Esquire, of
DILWORTH PAXSON LLP, Wilmington, Delaware.
Of Counsel: Jay E. Kagan, Esquire, of
DILWORTH PAXSON LLP, Philadelphia, Pennsylvania.
Attorneys for Defendant Dover Mall Limited Partnership.

Michael L. Sensor, Esquire, of
PERRY & SENSOR, Wilmington, Delaware.
Attorney for Defendants Valor Security Services and Daniel
Widener.

**MEMORANDUM OPINION**

June 8, 2006
Wilmington, Delaware

**Farnan, District Judge,**

Pending before the Court is the Defendant Dover Mall's Motion To Dismiss (D.I. 20). For the reasons discussed, the Motion will be denied.

## I. FACTUAL BACKGROUND

The following facts are alleged in Plaintiffs' Amended Complaint. (D.I. 12). On March 19, 2004, Mr. Upchurch was approached by Defendant Widener, a security guard for Valor Security Services ("Valor"), at the Boscov's store, in the Dover Mall ("Mall"). The store was closed, and Mr. Upchurch was advised that the store was not an exit from the Mall area. After a verbal exchange between Defendant Widener and Mr. Upchurch, in which Defendant Widener identified himself as a security guard, Mr. Upchurch left the area but heard Defendant Widener make a call on his two-way radio. Mr. Upchurch approached the Strawbridge's store, still open at the time, and was stopped by Defendant Hester, an extra-duty City of Dover police officer,[1] who placed his hands on Mr. Upchurch's shoulders. Frightened, Mr. Upchurch alleges he tried to run into the Strawbridge's store, but was tackled to the floor from behind by Defendant Hester. Officer Mutter, also an extra-duty Dover police officer,

---

[1] The extra-duty police officers were procured by Valor for the Mall through an arrangement with the City of Dover Police Department. (D.I. 12 at ¶¶ 8-9).

1

sprayed Mr. Upchurch with mace or pepper spray while Mr. Upchurch was pinned to the floor. The officers then handcuffed Mr. Upchurch, searched his backpack, and escorted him through the Mall, past his wife and daughter who were seated in the food court. The officers placed Mr. Upchurch in custody with a City of Dover police patrol unit. As a result of this incident, Mr. Upchurch sustained injuries to his arm and shoulder. Mr. Upchurch was charged with and subsequently acquitted of disorderly conduct, criminal mischief, resisting arrest, and criminal trespass in the third degree.

On April 28, 2005, Mr. and Mrs. Upchurch filed their Complaint. The Amended Complaint alleges violations of § 1983 of the Civil Rights Act and state-law tort claims, including battery, unlawful and false arrest, intentional infliction of emotional distress, and loss of consortium. (D.I. 12). Defendant Dover Mall filed its Motion To Dismiss on January 13, 2006. On January 25, 2006, Defendants Valor and Widener joined Defendant Dover Mall's Motion To Dismiss. (D.I. 23).

## II. PARTIES' CONTENTIONS

By their Motion, Defendants Dover Mall, Valor, and Widener contend that they are not state actors within the meaning of § 1983. Defendant Dover Mall further contends that the state law claims against it should be dismissed because it does not have an agency relationship with the other Defendants. In response,

Plaintiffs contend that the Court should deny the Motion because they have sufficiently alleged their tort claims and a claim under § 1983 to withstand a 12(b)(6) Motion To Dismiss.

### III. LEGAL STANDARD

Defendant Dover Mall attached a contract as Exhibit B to its Motion To Dismiss. (D.I. 21).  When a court considers materials beyond a plaintiff's complaint in deciding a motion to dismiss pursuant to Rule 12(b)(6), with a few exceptions, the motion must be converted to one for summary judgment.  Camp v. Brennan, 219 F.3d 279 (3d Cir. 2000).  One such exception is the "concededly authentic document" exception.  Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Here, the Court concludes that Exhibit B, attached to Defendant Mall's Motion To Dismiss, is outside the pleadings because the document is not concededly authentic[2] and Plaintiffs did not rely upon it in the Complaint.  Further, the Court concludes that this case is not at a stage where summary judgment would be appropriate.  Accordingly, the Court will treat Defendant's motion as one to dismiss under Rule 12(b)(6).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  The

---

[2] Here, Plaintiffs allege "agreements or arrangements" but do not specifically rely upon Exhibit B in their Complaint. (D.I. 12 at 8).  Plaintiffs further seem to challenge the authenticity of the contract, calling it a "purported contract." (D.I. 24 at 4).

3

purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. Kost v. Kazakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). When considering a motion to dismiss, a court must accept as true all allegations in the complaint and must draw all reasonable factual inferences in the light most favorable to the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326-27 (1989); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994). However, the Court is "not required to accept legal conclusions either alleged or inferred from the pleaded facts." Kost, 1 F.3d at 183. Dismissal is only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

**IV. DISCUSSION**

    A.    <u>Whether Plaintiffs Have Stated A Claim For Which Relief May Be Granted Under § 1983</u>

A valid claim under § 1983 requires Plaintiffs to allege a "violation of a right secured by the Constitution and ... show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Here, Plaintiffs allege violations of the Fourth Amendment, regarding unreasonable search and seizure, and the due process clause of the Fourteenth Amendment. (D.I. 12 at ¶ 49). Accordingly, the Court must determine whether Plaintiffs have

4

sufficiently alleged that Defendants were acting under color of state law.

For the purpose of interpreting § 1983, "under color of state law" is equivalent to "state action" under the Fourteenth Amendment. Johnson v. Cullen, 925 F. Supp. 244, 250 (D. Del. 1996) (citing Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)). A state actor can be a private party, when the private party has acted together with or has obtained aid from state officials, or when its conduct is otherwise chargeable to the State. Cruz v. Donnelly, 727 F.2d 79, 81 (3d Cir. 1984) (quoting Lugar v. Edmonson Oil Co., Inc., 457 U.S. 922, 937 (1982)). Interdependence between the State and the private party may be sufficient to recognize the private party as a state actor. Johnson, 925 F. Supp. at 251. For example, liability may exist for a private party under § 1983 when there is a pre-arranged plan by which police officers substitute "the judgment of private parties for their own official authority." Cruz, 727 F.2d at 80 (3d Cir. 1984).

Here, a factual inquiry is required to assess the relationships between Defendants Dover Mall, Valor, the City of Dover, and the extra-duty police officers.[3] The Complaint adequately alleges that Defendants Dover Mall and Valor were

---

[3] Although Defendant Widener joined Defendant Dover Mall's Motion To Dismiss, there is no § 1983 claim against Defendant Widener.

5

acting under color of state law pursuant to an agreement or arrangement with the City of Dover in the use of the City of Dover's police officers at the Mall (D.I. 12 at ¶¶ 69, 79), thereby creating an inference of state action by Defendants. Accordingly, the Court will deny Defendants' Motion To Dismiss as it pertains to Plaintiffs' claims under Section 1983.

    B.    <u>Whether Plaintiffs Have Stated A Claim For Which Relief May Be Granted Under State Law</u>

Plaintiffs also assert four tort claims against Defendant Dover Mall: battery, unlawful and false arrest, intentional infliction of emotional distress, and loss of consortium. The vicarious liability of Defendant Dover Mall for these claims rests upon the alleged agency relationship between Dover Mall and the other defendants. <u>Fisher v. Townsends, Inc.</u>, 695 A.2d 53, 59, 57-58 (Del. 1997).[4]

If Defendant Dover Mall's relationship with the other Defendants is a "master/servant" or "principal/agent" relationship, as opposed to a non-agent independent contractor,[5]

---

[4] Defendants Valor and Widener joined Defendant Dover Mall's motion to dismiss in its entirety. Defendant Mall only contests the sufficiency of Plaintiffs' Complaint based on agency principles, contending that the other Defendants were merely independent contractors. Even if Defendant Mall succeeds in its argument, Defendants Valor and Widener may still be liable for the tort claims. For this reason, Defendant Mall's Motion To Dismiss is not applicable to Defendants Valor and Widener. The Motion To Dismiss in relation to the state-law tort claims will, thus, only be decided with regard to Defendant Mall.

[5] Defendant Dover Mall attached Exhibit B to show that Valor and the other Defendants were mere independent contractors, not

6

the Mall will be liable for the conduct of its "servants" or "agents." Fisher, 695 A.2d at 58. The Supreme Court of Delaware has adopted the Restatement Second of Agency, whereby the precise relationship between master and servant, unless there is clearly no relationship present, is normally a question of fact. Id. 59; See Restatement (Second) of Agency § 220 (2005) (cmt. c). The factors that would be used to determine whether the other Defendants were "servants" would include the extent of control the Mall has over the security services, the nature of the work, the intent of the parties, and the relation between the security services and the Mall's regular business. Restatement (Second) of Agency § 220.

In this case, Plaintiffs have sufficiently alleged an agency relationship to withstand the Motion To Dismiss by alleging that the officers, employees of the City of Dover, "act[ed] as agents of Defendant Dover and Defendant Mall and/or Valor." (D.I. 12 ¶ 9). Further, as the determination of agency relationships are typically resolved only after a fact-based inquiry, the Motion To Dismiss as against the state law tort claims will be denied.

---

servants, and on that basis, argue that no tort liability should exist. Even if the Court were to consider Exhibit B, there would still remain a question of fact as to whether the "independent contractors" were agent or non-agent independent contractors. Fisher, 695 A.2d at 60-61; See Restatement (Second) of Agency §§ 2, 14N.

7

## V. CONCLUSION

In sum, for the reasons discussed, the Court concludes that the granting of the 12(b)(6) Motion is not appropriate at this stage of the proceedings because the Plaintiffs have sufficiently stated claims under § 1983 and Delaware state law. Accordingly, the Court will deny Defendant Dover Mall's Motion To Dismiss (D.I. 20).

An appropriate Order will be entered.