# PERRY & SENSOR
ATTORNEYS AT LAW

JAMES T. PERRY*
MICHAEL L. SENSOR*

ONE CUSTOMS HOUSE
SUITE 560
POST OFFICE BOX 1568
WILMINGTON, DELAWARE 19899

TELEPHONE
(302) 655-4482

FACSIMILE
(302) 655-4043

*ALSO ADMITTED IN NEW JERSEY

October 12, 2006

The Honorable Joseph J. Farnan, Jr.
United States District Court for the District of Delaware
J. Caleb Boggs Courthouse
844 N. King Street
Lockbox 27
Wilmington, DE 19801
**VIA HAND DELIVERY**

Re:   Upchurch v. Hester, et al.
      C.A. No. 05-252 JJF

Dear Judge Farnan:

This firm is counsel to defendants Dover Mall Limited Partnership (incorrectly designated as "The Mills Corporation d/b/a Dover Mall"), SMS Holdings Corporation d/b/a Valor Security Services, and Daniel Widener (collectively, "the Mall Defendants") in the above-captioned matter. I am in receipt of Mr. Battaglia's letter of October 11, 2006 requesting an extension of time in which to provide plaintiffs' medical expert report(s). The Mall Defendants oppose this request for the following reasons.

First, the Case Scheduling Order set by the Court clearly required plaintiffs to produce all expert reports by April 20, 2006. The Court made no exceptions for reports of treating physicians, nor did plaintiffs ask for such an exception. To date, the only indication plaintiffs have given of their intent to present any medical testimony at trial, beyond the medical records, was a statement in their FED. R. CIV. P. 26 Initial Disclosures that plaintiff's treating orthopedist,

Glen Rowe, D.O., and his family physician, Brian John Horn, D.O. were likely to have "discoverable information" concerning "[p]laintiff's medical condition." *See* Plaintiffs' 1/27/06 Initial Disclosures at ¶¶ 1(k) and 1(*l*) [D.I. 25]. To date, plaintiffs have produced no competent, admissible medical opinion evidence providing a causal nexus between the incident of March 19, 2004 and Upchurch's alleged injuries. Case law clearly suggests that absent medical expert testimony providing an opinion to a reasonable degree of medical certainty as to causation of an injury, a plaintiff cannot present a state common-law claim for bodily injuries. *See Rayfield v. Power*, 2003 WL 22873037 (Del. 2003) (defendant's motion for summary judgment as to negligence claims granted when plaintiff failed to designate medical expert witness); *Sluss v. Davis*, 2006 WL 2846387 (Del. Super. Oct. 4, 2006) (defendant's motion for summary judgment as to negligence claims granted when plaintiff failed to designate medical expert witness and failed to provide expert reports). In addition, a plaintiff cannot present his or her claim for bodily injuries through the testimony of a non-physician. *See Lee v. A. C. & S. Co., Inc.*, 542 A.2d 352, 355 (Del. Super. 1987); *Red Clay Consolidated School District v. Lamb*, 1988 WL 109365 (Del. Super. Oct. 14, 1988). *See also Pell v. E.I. du Pont de Nemours & Co., Inc.*, 231 F.R.D. 186, 192 (D. Del. 2005) ("[e]xpert testimony can only be received from someone who has specialized knowledge or training sufficient to qualify him to opine on an issue within his field of expertise, and the expert's opinion must be confined to that field.").

Second, the Mall Defendants object to plaintiffs' attempt to supplement the record literally at the eleventh hour. In this case, plaintiffs have alleged that Mr. Upchurch sustained a wide variety of injuries, to wit:

(1) Mr. Upchurch "had two major back surgeries and had a spinal chord [sic] stimulator implant (Amended Complaint ¶ 34 [D.I. 12]);

(2) Defendant Officer Hester, while arresting Mr. Upchurch, "broke Mr. Upchurch's shoulder, tore shoulder tendons and/or ligaments, pulled his arm out of his shoulder and then handcuffed his arms behind his back." (*Id.*, ¶ 39)

(3) Mr. Upchurch suffered "severe emotional and mental injuries as well as the following physical injuries:

"(a) Extreme irritation of his eyes, nose and throat due to the use of pepper spray or mace;

"(b) Severe back strain and exacerbation of pre-existing spinal and knee injuries;

"(c) Damage to his spinal stimulator implant;

"(d) Pain, strain, and numbness in his hands and wrists;

"(e) Strain, sprain and a tear of the ligaments in his left shoulder

"(f) Fractured left shoulder;

"(g) Strain and sprain of his right thumb."

(*Id.*, ¶ 45). It is the Mall Defendants' position that the record does not contain any competent medical opinion supporting a causal link between the incident giving rise to this action and the injuries set forth above. In fact, only recently was it divulged to defendants by plaintiffs' counsel that plaintiff Robert Upchurch may need a total joint replacement in the left shoulder, which may well need to be replaced 10 to 15 years after it is implanted. This revelation came after the close of discovery and well after the due date for plaintiffs' expert reports, and is not supported by any

October 12, 2006
Page 4

by any medical opinion or record which has been supplied to defendants. Plaintiffs have produced no medical records reflecting any treatment since late 2004, yet plaintiffs state that Mr. Upchurch not only needs a shoulder replacement but is also continuing to treat at the present time.

At this juncture, as no competent expert opinion is in presently the record concerning causation of Mr. Upchurch's injuries, the Mall Defendants intend to move for summary judgment concerning all injury claims, as no competent expert opinion is in the record concerning causation of Mr. Upchurch's injuries. In addition, for the same reason, the Mall Defendants intend to move *in limine* to bar any and all testimony at trial concerning causation of these injuries. In addition, for the same reason, the Mall Defendants intend to move *in limine* to bar any and all testimony at trial concerning causation of these injuries. Dispositive motions are due in eight days from today. Plaintiffs should not be permitted to supplement the record at such a late date.

However, to the extent the Court grants plaintiffs' request, the Mall Defendants respectfully request that (a) Mr. Upchurch be compelled to submit to a medical examination pursuant to FED. R. CIV. P. 35 after his medical report(s) are provided; and (b) defendants' medical expert reports be due within 45 days of the medical examination.

I am at the Court's disposal should there be any questions or concerns regarding this matter.

October 12, 2006
Page 5

                              Respectfully submitted,

                              PERRY & SENSOR

                              By:    Michael L. Sensor

/mls
cc:    Clerk of the Court
       Victor F. Battaglia, Sr., Esquire
       Daniel A. Griffith, Esquire
       David J. Yates, Esquire