**1220 N. Market St., 5th Floor, P.O. Box 8888 · Wilmington, DE 19899-8888**
**(302) 552-4300 · Fax (302) 651-7905**

**Direct Dial: 302-552-4317**
**Email: dagriffith@mdwcg.com**

October 12, 2006

**VIA E-FILING**

The Honorable Joseph J. Farnan, U.S.D.J.
United States District Court
District of Delaware
844 North King Street, Room 4209
Lock Box 18
Wilmington, DE 19801

    Re:    Robert & Isa Upchurch v. City of Dover
             Our File No: 20021-00102
             C.A. No: 05-252

Dear Judge Farnan:

    Please accept this correspondence on behalf of Defendants, City of Dover Police Department, Sergeant Timothy Mutter and Officer Keith Hester ("the Dover Defendants") in opposition to Plaintiffs' October 11, 2006 letter-brief requesting an extension of the deadlines for Plaintiffs' production of an expert report on the damages issues. The Dover Defendants respectfully request that the Court schedule a teleconference to address these issues.

    Plaintiff, Robert Upchurch, had long-standing, debilitating lower back injuries prior to his March, 2004 arrest which is at issue in this litigation. Without belaboring his medical history, Mr. Upchurch had multiple worker's compensation claims relating to his back, had undergone lower back surgery, had an electric bone stimulator implanted in his back and had been declared disabled as a consequence of the back injuries prior to his March, 2004 arrest which is at issue in this litigation. Defendants received medical records reflecting Plaintiff's medical treatment for eight (8) months following the incident (i.e., through November, 2004) but have no records reflecting Mr. Upchurch's medical treatment for the past two (2) years. The records of Mr. Upchurch's treating physician, Dr. Rowe, provide **factual** information concerning Mr. Upchurch's physical complaints and the nature of the treatment that he was undergoing. However, at no time during the course of this litigation have the Plaintiffs ever provided expert reports setting forth expert medical opinions regarding (1) the causal relationship between Mr. Upchurch's medical treatment over the past 2 years and his March, 2004 arrest, in view of his pre-existing injuries; (2) the permanency of any injuries which Mr. Upchurch allegedly sustained as a consequence of the March, 2004 arrest; and (3) the nature and extent of any injury to Mr. Upchurch's shoulder a consequence of the March, 2004 arrest (the initial treatment records make reference to a shoulder injury and the rest of the treatment records throughout 2004 do not reference treatment for this injury. On October 10, 2006, Plaintiffs advised that Mr. Upchurch intends to undergo surgery to the right shoulder and relate all of his medical treatment and surgery to the March, 2004 arrest.)

October 12, 2006
Page 2

---

The Dover Defendants' entire damages defense was predicated upon rebutting the proofs offered by the Plaintiffs concerning the nature and extent of Mr. Upchurch's injuries. In the absence of an expert report on the issues mentioned above, the necessity of having Mr. Upchurch examined by a defense medical expert (i.e., a DME) was obviated. Now, according to Plaintiffs' October 11, 2006 letter, Plaintiffs intend to drop upon the Defendants (after the passage of the deadlines) two years worth of medical records and new opinions concerning causal relationship between Mr. Upchurch's injuries and the arrest, the necessity of the right shoulder surgery and the permanency of the injuries related to the arrest. Essentially, Plaintiffs are requesting that they be permitted to present their entire damages case after the expiration of the relevant deadline and without a meaningful opportunity for the Defendants to respond.

In their October 11, 2006 correspondence, Plaintiffs suggest that the relief requested is not extraordinary because Plaintiffs identified Mr. Upchurch's **treating** physician, Dr. Rowe and he may therefore testify at trial. This contention misses the point. Dover Defendants have no objection to Dr. Rowe testifying with respect to all of the information provided prior to the passage of the expert deadline, i.e., **factual** information concerning (a) Mr. Upchurch's complaints of pain as set forth in Dr. Rowe's records; and (b) nature of the treatment provided by Dr. Rowe as set forth in those treatment records. The crux of the Defendants' objection is the suggestion that Plaintiffs now (and after the expiration of the deadline without Dover Defendants being afforded a meaningful opportunity to respond) providing new information and previously-undisclosed expert opinions on **all** of the relevant damages issues. Since such an extraordinary request irreputable prejudices Defendants ability to defend the damages portion of this action, it is respectfully requested that this form of relief be denied.

Respectfully submitted,

/s/ *DANIEL A. GRIFFITH*
DANIEL A. GRIFFITH
#4209

DAG/hr

cc:   Michael L. Sensor, Esquire
      Philip B. Bartoshesky, Esquire

\15_A\LIAB\DAGRIFFITH\CORR\383094\HXRUSSO\20021\00102