IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROBERT ANDREW UPCHURCH and     :
ISA UPCHURCH,                  :
                               :
         Plaintiffs,           :
                               :
     v.                        :   Civil Action No. 05-252-JJF
                               :
OFFICER EDWARD K. HESTER,      :
OFFICER TIMOTHY D. MUTTER,     :
CITY OF DOVER, THE MILLS       :
CORPORATION, d/b/a DOVER       :
MALL, SMS HOLDINGS             :
CORPORATION d/b/a VALOR        :
SECURITY SERVICES, and DANIEL  :
WIDENER,                       :
                               :
         Defendants.           :

Victor F. Battaglia, Sr., Esquire, and Phillip B. Bartoshesky, Esquire, of BIGGS & BATTAGLIA, Wilmington, Delaware.
Attorneys for Plaintiffs.

Daniel A. Griffith, Esquire, and John Vernon Work, Esquire, of MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, Wilmington, Delaware.
Attorneys for Defendants Officer Edward K. Hester, Officer Timothy D. Mutter and City of Dover.

Michael L. Sensor, Esquire, of PERRY & SENSOR, Wilmington, Delaware.
Attorney for Defendants The Mills Corporation d/b/a Dover Mall, SMS Holdings Corporation d/b/a Valor Security Services, and Daniel Widener.

**MEMORANDUM OPINION**

October 23, 2006

Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is Plaintiffs' request/motion[1] seeking thirty days to produce an expert report from Mr. Upchurch's treating physician. (D.I. 62). For the following reasons, the request will be granted.

## I. BACKGROUND

### A. Parties

Plaintiffs, Robert Andrew Upchurch and Isa Upchurch ("Plaintiffs"), are citizens of the State of Delaware who have brought this action pursuant to 42 U.S.C. § 1983, in connection with an incident at the Dover Mall in March 2004.

Defendants Edward K. Hester ("Hester") and Timothy D. Mutter ("Mutter") are officers of the Dover Police Department who were engaged in extra duty assignments at the Dover Mall in March 2004. Defendant City of Dover is a political subdivision of the State of Delaware. The Court will refer to these defendants, collectively, as the "Dover Defendants."

Defendant Dover Mall Limited Partnership, designated by Plaintiffs as "The Mills Corporation d/b/a Dover Mall" is a Delaware business entity which operates and does business as the Dover Mall ("Mall"). Defendant SMS Holdings Corporation d/b/a

---

[1] The parties have submitted this dispute by letters, which is prohibited by the Rule 16 Scheduling Order (D.I. 17). Although the Court will entertain the current request, the Court will not entertain further requests submitted by letters.

Valor Security Services is a Delaware Corporation which provides security services for the Dover Mall ("Valor"). Defendant Daniel Widener ("Widener"), a Delaware resident, was an employee of Valor in March 2004. The Court will refer to these defendants, collectively, as the "Mall Defendants."

B. Background

The following facts are alleged in Plaintiffs' Amended Complaint. (D.I. 12). On the evening of March 14, 2006, after 9:00 p.m., Plaintiffs were shopping at the Dover Mall. Around 9:30 p.m., Mr. Upchurch went to see if the Boscov's store was still open. It was not. Mr. Upchurch was then approached by Defendant Widener, a security guard for Valor Security Services ("Valor"). Mr. Upchurch was advised that the store was not an exit from the Mall area. Mr. Upchurch then left the area after a verbal exchange between Defendant Widener and Mr. Upchurch, in which Defendant Widener identified himself as a security guard. As he was leaving, Mr. Upchurch heard Defendant Widener make a call on his two-way radio. Mr. Upchurch headed toward the Stawbridge's store, also in the Mall and still open at the time. As he approached Strawbridge's, he was stopped by Defendant Hester, an extra-duty City of Dover police officer procured by Valor for mall security duty through an arrangement with the City of Dover Police Department. Defendant Hester placed his hands on Mr. Upchurch's shoulders. Mr. Upchurch alleges he tried to run

3

into Strawbridge's but was tackled to the floor from behind by Defendant Hester. Mr. Upchurch also alleges that Defendant Mutter, another extra-duty police officer, then sprayed Mr. Upchurch with mace or pepper spray while Mr. Upchurch was pinned to the floor. Mr. Upchurch was taken into custody and escorted out of the mall. As a result of this incident, Mr. Upchurch alleges he sustained injuries to his arm and left shoulder.

On April 28, 2005, Plaintiffs filed their Complaint. (D.I. 1). On December 22, 2005, the Court entered a Scheduling Order setting forth the parties' discovery deadlines. (D.I. 17). The Court designated April 20, 2006 as the date by which Plaintiffs were to produce expert reports, and, consequently, identify their experts. Id. To date, Plaintiffs have not designated any experts, and have not produced any expert reports. Plaintiffs now seek leave to submit an expert report from Dr. Glenn D. Rowe, Mr. Upchurch's treating physician.

## II. PARTIES' CONTENTIONS

By their letter request, Plaintiffs seek permission to designate Dr. Rowe as an expert, even though the Scheduling Order deadline has passed. Plaintiffs also seek permission to allow Dr. Rowe to produce an expert report within 30 days if the Court grants the request.

Both the Mall Defendants and the Dover Defendants object to Plaintiffs' request. The Mall Defendants contend that Dr. Rowe

4

cannot opine on the cause of Mr. Upchurch's injuries or on any future medical needs of Mr. Upchurch because his testimony is expert, not factual, testimony, and because Plaintiffs did not timely identify Dr. Rowe or submit an expert report by him. (D.I. 61). Since all expert disclosures and reports were due by April 20, 2006, the Mall Defendants contend that Plaintiffs should not now be permitted to designate Dr. Rowe as an expert, nearly six months after the Scheduling Order deadline. Id. The Dover Defendants have also filed a letter in opposition to Plaintiffs' Motion, reiterating the Mall Defendants position. (D.I. 63).

### III. ISSUES PRESENTED

In the Court's view, the issues raised by Plaintiffs' request are: (1) whether the proffered testimony of Dr. Rowe is "expert" or "factual" in nature; and (2) when were Plaintiffs required to disclose Dr. Rowe's identity and proffered expert testimony to Defendants.

### IV. DISCUSSION

#### A. Dr. Rowe's Testimony Is Expert In Nature

Pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), expert witnesses must be disclosed to the opposing side(s). In determining whether a witness is an expert and therefore must be identified and disclosed, Rule 26 "focuses not on the status of the witness, but rather on the substance of the testimony." Gomez v. Rivera Rodriguez, 344 F.3d 103, 113 (1st Cir. 2003)(citing

5

Patel v. Gayes, 984 F.2d 214, 218 (7th Cir. 1993)). The Court concludes that Plaintiffs should have designated and disclosed Dr. Rowe, Mr. Upchurch's treating physician, as an expert witness under Rule 26(a)(2)(A).

The designation of a witness as an expert is a matter separate from whether an expert report must be submitted by that witness. Not all identified experts must submit expert reports. Rather, expert reports only need to be submitted by those witnesses who are "retained or specifically employed to provide expert testimony." Fed. R. Civ. P. 26(a)(2)(B). In advancing their contention that Dr. Rowe was not previously required to submit an expert report, Plaintiffs misconstrue the commentary to Rule 26 identifying treating physicians as one group for which an expert report is not automatically required. (D.I. 62); see Fed. R. Civ. P. 26, cmt. 1993 Amendments, subdivision (a), para (2). Rule 26(a)(2)(B) does not require an expert report from a treating physician who will testify concerning his or her examination, diagnosis, treatment of a patient. However, the spirit and substance of Rule 26 cannot be avoided by employing the treating physician to provide, without an accompanying expert report, "classic expert testimony" regarding prognosis. Lauria v. Nat'l R.R. Passenger Corp., a/k/a Amtrak, 1997 U.S. Dist. LEXIS 3408 at *4 (E.D. Pa 1997). When a treating physician's proffered testimony reaches beyond the basic facts learned during the

treatment of a patient, and extends to typical opinion testimony, the provisions of Rule 26(a)(2)(B) attach, and an expert report must be provided. Buss v. Quigg, 2002 U.S. Dist. LEXIS 15081 at *2 (E.D. Pa 2002).

Because Plaintiffs intend to have Dr. Rowe opine as to the causation of Mr. Upchurch's injuries, and his future treatment needs, the Court concludes that Plaintiffs intend to have Dr. Rowe provide expert testimony that reaches beyond the ordinary treatment of Mr. Upchurch. The Court, therefore, concludes that an expert report should have been provided to all Defendants in accordance with Rule 26(a)(2)(B).

B. Plaintiffs Were Required To Disclose All Experts In Accordance With The Court's Scheduling Order

Federal Rule of Civil Procedure 26(a)(2)(C) details three methods to set a date for submitting an expert report: (1) by direction of the Court, (2) by stipulation of the parties, or (3) by statute. If the parties or the Court have not set a disclosure date, disclosures must be made "at least 90 days before the trial date or the date the case is to be ready for trial." Id.

In this case, the Rule 16 Scheduling Order (D.I. 17) required the Plaintiffs to disclose all experts and expert reports no later than April 20, 2006. Because Plaintiffs' current request to identify Dr. Rowe as an expert, and produce his expert report, was made on October 11, 2006, the Court

7

concludes that the request is untimely.

    C.   <u>The Impact Of Failing To Timely Disclose An Expert</u>

Having concluded that Plaintiff's expert report is untimely, the Court must determine whether that untimeliness is sufficient to preclude Plaintiff from offering Dr. Rowe's expert report and testimony pursuant to Federal Rule of Civil Procedure 37. "A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court . . . may impose other appropriate sanctions." Fed. R. Civ. P. 37(c)(1).

Plaintiffs' only justification for failing to disclose Dr. Rowe as an expert witness is their misunderstanding of the requirements of Rule 26. In the Court's view, this misunderstanding of the statute does not clearly constitute "substantial justification;" however, the Court finds that Plaintiff's failure to disclose is harmless. The Pre-Trial Conference is scheduled for January 2007. Moreover, Defendants have been aware, throughout the discovery period, of Mr. Upchurch's alleged shoulder injury as well as the identity of Dr. Rowe as Mr. Upchurch's treating physician. Further, Plaintiffs indicate that Dr. Rowe's "expert report" will be provided to

Defendants by mid-November. In these circumstances, the Court concludes that Plaintiffs should not be precluded from designating Dr. Rowe as an expert witness.

**V. CONCLUSION**

In sum, the Court concludes that Plaintiffs failed to comply with Rule 26(a) and identify Dr. Rowe as an expert witness and provide his expert report. However, because the Court finds that Plaintiffs' failure to disclose under Rule 26(a) was harmless, the Court will grant Plaintiff's request. Plaintiffs will be required to produce Dr. Rowe's expert report within thirty days of the date of this Order.

Finally, to avoid any undue prejudice to Defendants, the Court will require Mr. Upchurch to submit to a medical examination pursuant to Federal Rule of Civil Procedure 35, as requested by the Mall Defendants. (D.I. 61). Any medical expert reports to be offered by Defendants will be due 45 days after Mr. Upchurch's medical examination.

An order consistent with this Memorandum Opinion will be entered.