IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT ANDREW UPCHURCH and ISA UPCHURCH, his wife,<br><br>Plaintiffs,<br><br>v.<br><br>OFFICER EDWARD K. HESTER, in his official and personal capacity, OFFICER TIMOTHY D. MUTTER, in his official and personal capacity, CITY OF DOVER, a political subdivision of Kent County, Delaware, THE MILLS CORPORATION, d/b/a DOVER MALL, SMS HOLDINGS CORPORATION d/b/a VALOR SECURITY SERVICES, and DANIEL WIDENER,<br><br>Defendant. | §<br>§<br>§<br>§<br>§    C. A. No. 05-252 JJF<br>§<br>§<br>§<br>§    Jury Trial Demanded<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## JOINT MOTION TO REOPEN DISCOVERY WITH RESPECT TO PLAINTIFF'S MEDICAL TREATMENTS AFTER DISCOVERY CUT-OFF

The parties move this Court to enter a revised Scheduling Order which will allow the parties to conduct discovery related to the medical treatments Plaintiff has had for his shoulder after the discovery cut-off. The treatment of Plaintiff is evolving and ongoing, and fairness requires all parties have an opportunity to conduct discovery as to the Plaintiff's condition. The grounds for this Motion are as follows:

1. Plaintiff alleges he received a serious shoulder injury in March of 2004 caused by the conduct of Defendants.

2. Plaintiff received conservative medical treatment from orthopedist Dr. Glen Rowe which included injections and physical therapy after March of 2004. The conservative treatment, however, has not produced a satisfactory result. (Rowe report attached as Exhibit A)

3. Dr. Rowe, in October of 2006 referred Plaintiff to a shoulder specialist, Dr. Victor Kalman. Dr. Kalman saw Plaintiff in December of 2006 and has recommended Plaintiff be seen for evaluation and possible treatment by Dr. MacFarland, a shoulder specialist at Johns Hopkins University. (Dr. Kalman's record attached as Exhibit B)

4. Johns Hopkins requires extensive medical records be produced to them before undertaking the evaluation and it is anticipated those materials will be in the hands of Johns Hopkins shortly and Plaintiff will have an appointment for evaluation and possible treatment by late January to mid February, 2007.

5. In order to fully evaluate Plaintiff's condition, as well as the costs of treatment, Plaintiff requests the Court amend the Scheduling Order to re open discovery related to this ongoing medical treatment, including, but not limited to, permitting Defendants to take another deposition of Plaintiff on medical issues and obtain updated Rule 35 medical examinations of Plaintiff.

/s/Michael L. Sensor
Michael L. Sensor (ID# 3541)
Perry & Sensor
704 North King Street, Suite 560
Post Office Box 1568
Wilmington, DE 19899-1568
(302) 655-4482
Attorney for Defendants The Mills Corporation, Valor Security and Daniel Widener

BIGGS AND BATTAGLIA
        /s/ Victor F. Battaglia
Victor F. Battaglia, Sr.(ID# 156)
921 Orange Street
Wilmington, DE 19801
(302) 655-9677
VictorSr@batlaw.com
Attorney for Plaintiffs

/s/ Daniel A. Griffith
Daniel A. Griffith (ID# 4209)
Marshall, Dennehey, Warner, Coleman & Goggin
1220 North Market Street, 5th Floor
Post Office Box 8888
Wilmington, DE 19899-8888
(302) 552-4317
Attorney for Edward K. Hester, Timothy D. Mutter and the City of Dover

# GLEN D. ROWE, D.O., P.A.

Frederick DiMeo, P.A.-C.     **Glen D. Rowe, D.O.**     Henry N. Mensack, P.A.-C.

1093 South Governors Ave. Dover, DE 19904
P.O. Box 703 • Dover, DE 19903-0703
(302) 730-4366

November 7, 2006

Victor F. Battaglia
Philip B. Bartoshesky
Biggs & Battaglia
P.O. Box 1498
Wilmington, DE 19899

**RE: ROBERT UPCHURCH**

Gentlemen:

This letter is in response to yours of October 10, 2006 with regard to Robert Upchurch. As you are aware, Mr. Upchurch has been under my care for complaints referable to the left shoulder since March 23, 2004. He provided history of an injury which occurred on March 19, 2004 when he had an altercation with a local law enforcement agency and was forcibly placed into handcuffs. He described a subluxation of the left shoulder at the time of the injury. Although Mr. Upchurch had been a patient of my office for other orthopedic complaints since 1999, he had never complained of left shoulder symptoms.

In addition to the left shoulder, Mr. Upchurch strained his lumbar spine as a result of this incident, however, the lumbar spine complaints resolved back to its pre-existing state without significant treatment.

X-rays performed in the office on March 23, 2004 revealed an avulsion fracture of the proximal humerus and glenoid. An MRI was the diagnostic test of choice, however, because of an internal stimulator and hardware in his back, we were unable to proceed with that test. A CT scan was performed on May 11, 2004 and revealed a comminuted and slightly displaced fracture of the inferior, anterior glenoid rim. A CT scan with arthrogram was recommended and performed on July 7, 2004 and revealed adhesions across the joint and a labral tear.

Mr. Upchurch was treated conservatively with medication, injections and physical therapy with improvement in his condition. He did not return to the office after the November 18, 2004 visit until fourteen months later on January 5, 2006 when he received another cortisone injection into the left shoulder. At that time, Henry Mensack, my P.A., explained to Mr. Upchurch that the cortisone injections and medication would be his only non-operative options for improvement. After that time, Mr. Upchurch returned every three to four months for administration of a cortisone injection.

## ORTHOPEDIC SURGERY & SPORTS MEDICINE
Arthroscopy • Sports Medicine • Fracture Care • Joint Replacement
Neck and Back Disorders • Hand Injuries • Occupational Medicine

Page Two
November 7, 2006

**RE:  ROBERT UPCHURCH**

The patient was recently evaluated on October 28, 2006 at which time he continued to complain of left shoulder pain and described popping and subluxing of the joint. He described tightness and decreased strength in the left upper extremity. He was depressed because of the limitations and inability to perform many activities of daily living because of the left shoulder pain. On physical examination he had limited range of motion and weakness with strength testing of the supraspinatous, infraspinatous, subscapularis and anterior, mid and posterior deltoid.

I recommended that Mr. Upchurch see Dr. Victor Kalman for an opinion regarding arthroscopic evaluation and intervention for a possible labral tear. I explained to Mr. Upchurch that although he may ultimately require a total shoulder replacement, I recommended that we first see if repairing the labral tear would be indicated. If in fact, Dr. Kalman did not believe an arthroscopic evaluation would be beneficial then Mr. Upchurch could either continue conservatively with medication and injections or be referred to Dr. MacFarland at Johns Hopkins for discussion regarding a total shoulder replacement.

**DIAGNOSIS:**
1. Adhesive capsulitis, left shoulder
2. Labral tear per CT/arthrogram left shoulder 07/07/04
3. Post traumatic glenohumeral arthritis, left shoulder
4. Comminuted and slightly displaced fracture of the inferior anterior glenoid rim, left shoulder per CT scan of 05/11/04

Based on the history provided by the patient and the information available to me, it is my opinion that the above referred diagnoses are directly related to the injury which occurred on March 19, 2004.

Mr. Upchurch was referred to Dr. Kalman Mr. Upchurch has sustained a permanent partial impairment as a direct result of this injury, however, I am not in a position at this time to assess the degree of impairment. As indicated previously, I would like Mr. Upchurch evaluated by Dr. Kalman to see if he is a surgical candidate for arthroscopic evaluation and repair of possible labral tear. If not, then we could refer the patient to Dr. MacFarland at Johns Hopkins for evaluation regarding the need for total shoulder replacement. I do not perform either of these procedures and require the expert opinions of Dr. Kalman and Dr. MacFarland as to the necessity of each procedure.

The need for either surgery as described above, is directly related to the injury which occurred on March 19, 2004.

Page Three
November 8, 2006

**RE:   ROBERT UPCHURCH**

All opinions expressed in this letter are based on a degree of reasonable medical probability.

I hope this letter serves to answer your questions in this regard. Please do not hesitate to contact me if I can be of further assistance.

Sincerely,

Glen D. Rowe, D.O.

GDR/anr

Name: Upchurch, Robert    Age (46) 4/9/60
Date: 12/7/06

UPCHURCH, ROBERT
12-07-06
SUBJECTIVE: This 46 year old right hand dominant gentleman was seen at the request of Glen Rowe, D. O. for evaluation of his left shoulder. I reviewed office notes from Dr. Rowe's office. Mr. Upchurch sustained an injury back in March of 2004. He was involved in an altercation. X-rays at that time revealed an avulsion fracture of the glenoid and the humerus. Since that time he has had popping of the shoulder. He had a CT scan performed which showed a comminuted and slightly displaced fracture of the inferior anterior glenoid rim. As a result, CT scan was obtained. The CT scan arthrogram obtained July 7, 2004 revealed a healing comminuted fracture of the inferior glenoid with depression and deformity of the articular surface with deformity of the overlying labrum. He has been intermittently getting injections. He has had some temporary relief. He also had back problems for which he has been under the care of Dr. Balu. He tells me the diagnosis is <u>failed back syndrome.</u> He presented in October of this year with increasing popping of the left shoulder. He has had therapy and medication without significant relief. This affects his activities of daily living on a daily basis. At this point, apparently per Dr. Rowe we are at the crossroads of whether or not arthroscopic surgery would help him, or he needs to proceed with a total shoulder replacement. He had x-rays done in Dr. Rowe's office in November which are not here at this time. He has no recent studies. His last bone scan was 10/1/05 and revealed degenerative change of the left shoulder and left knee, and surgical change in the lumbar spine. Mr. Upchurch did not bring any of his studies today. Presently he is working as a bus driver.
ALLERGIES: *Darvocet*
MEDICATION: Noted and charted
PAST MEDICAL/SURGICAL HISTORY: Noted and charted
REVIEW OF SYSTEMS: Noted and charted
FAMILY HISTORY: Noted and charted
SOCIAL HISTORY: Noted and charted
**Please note that the patient does have the presence of a spinal stimulator.**
OBJECTIVE: Height: 6 feet tall. Weight: 210 lbs.
He has forward shoulders and some mild kyphosis. There is no obvious dyskinesis. He has no sternoclavicular joint, AC joint, or coracoid process or biceps tenderness. His forward flexion is 140°, abduction 90°, external rotation 70°, internal rotation 60°. He has pain with resisted abduction. Drop arm test is negative. He has no pain with internal/external rotation. Subscapularis function is intact. He has no pain with Speed's test and O'Brien's test. Sulcus sign is negative. He has +1 to +2 anterior laxity. There is a lateral click. It is painful during this episode. He reports these are the feelings he intermittently gets. He has positive anterior apprehension suppression. Examination of the right shoulder is unremarkable. He has full range of motion without pain. He has no weakness with pain or resistance. Sulcus sign and drawer are negative.
ASSESSMENT:  1)  Status post glenoid fracture of the left shoulder.
              2)  Recurrent instability, secondary to a labral tear.
PLAN: I reviewed the findings on exam and the office notes and reports with Robert. At this point, I really need to review the studies to see the significance of the involvement of the glenoid. If it does not involve a significant portion of the glenoid, then I would say he would be a candidate for arthroscopic labral repair. At this point in time, I do not believe he is a candidate for shoulder replacement, however I do not have these studies to review. I will see him in Dover in 3 weeks' time. He will get all of his films together and we will make this determination. He understands and agrees with the plan.

P-174

Name: Upchurch, Robert    Age: 46   4-9-60
Date: 12-20-06. Lft Shld. - 7U.

UPCHURCH, ROBERT
12-20-06

SUBJECTIVE: Robert is here for evaluation of his left shoulder. I had seen him previously. He had no films at that time. The purpose of this visit is film review.

OBJECTIVE: I reviewed the scans that had been previously reported. He has significant comminuted fracture of the anterior inferior glenoid with depression of the articular surface. There is also degenerative change of the humeral head. X-rays revealed degenerative change as well.

ASSESSMENT: 1) Osteoarthritis, status post glenoid fracture.
2) Recurrent instability.

PLAN: I reviewed the findings on exam with Robert. At this point, I do not feel that arthroscopic labral repair would be of benefit to this patient. He may need a reconstruction of the glenoid as well as a possible arthroplasty. I would recommend that he is seen by Dr. MacFarland at Johns Hopkins per Dr. Rowe's recommendation. I will see this gentleman on a p.r.n. basis.

VRK:stl
Victor R. Kalman, D.O.
cc: Glen Rowe, D.O.

P-173